STUART *v.* DOROW.

1. VENDOR AND PURCHASER—SPECIFIC PERFORMANCE—FRAUD — EVI-
DENCE—SUFFICIENCY.

    In a suit by the vendee for the specific performance of an
    option to purchase land, defendants' contention that they
    were induced to sign the option by misrepresentation of
    the value of the premises, *held*, not sustained by the
    record.

2. SAME—PRINCIPAL AND AGENT—DUTY TO DISCLOSE SECRET IN-
FORMATION.

    Defendants' contention that the agent who secured the
    option, who claimed to be acting in their interest, failed
    to disclose to them all the facts which he knew which
    would be likely to enhance the value of the premises,
    *held*, not sustained by the record.

3. SAME—BROKERS—NOT NECESSARY TO DISCLOSE PURPOSE OF PUR-
CHASE.

    Where a principal engages a broker to secure options on
    land, it is not bound to disclose to him the purpose for
    which the land is desired.

Appeal from Wayne; Goff (John H.), J.    Submitted
October 27, 1921.    (Docket No. 137.)    Decided De-
cember 21, 1921.

Bill by Robert Stuart against August Dorow and an-
other for the specific performance of an optional land
contract.    From a decree dismissing the bill, plain-
tiff appeals.    Reversed.

*Goodenough, Voorhies, Long & Ryan,* for plaintiff.
*Frank W. Atkinson,* for defendants.

BIRD, J.    On July 25, 1919, defendants gave plain-
tiff an option for 90 days to purchase their 40-acre

On effect of purchaser's concealment or misrepresentation of
fact affecting the value of real estate, see note in 30 L. R. A.
(N. S.) 748.

farm in Livonia township, Wayne county, for the sum of $5,500. In October of that year plaintiff exercised his right to purchase the premises and gave defendants written notice that he was ready to take them. Defendants refused to convey and this bill was filed by plaintiff to enforce specific performance of the agreement. At the hearing the chancellor was convinced that the agreement ought not to be enforced in equity.

Defendants sought to evade the terms of the contract by claiming that plaintiff and Eben C. Smith, who was acting for Stuart, made false representations to them as to the value of the land, and that Smith, who was pretending to represent defendants, did not disclose to them that this and adjoining lands were being purchased for a contemplated suburban village with rapid transportation service to Detroit via the Pere Marquette railway. We are not favorably impressed with either of these defenses. The proof showed that Smith knew Dorow, that he went to see him and asked him what he would sell his farm for. Dorow replied "$5,000." Something was then said about Smith's commission, and Dorow insisted that if he had to pay commission it should be added to the price of the farm, that he wanted $5,000 net. This was agreed to and the price fixed was $5,500. A written agreement was then made between them reciting the fact that Smith should be entitled to $500 as commission if he made the sale within the life of the option. Both signed this agreement. The record does not show that there was any argument or controversy about either the price or commission. And we do not think the record sustains counsel's contention that defendants were induced to sign the option by a misrepresentation of the value of the premises.

On the question of the contemplated suburban vil-

age and fast service to Detroit complaint is made that these facts were not disclosed by Smith to defendants. There is no proof that Smith knew of the facts when he obtained the option.    In fact, we think the record shows that he did not know it, and plaintiff testified that he himself did not know of the use to be made of the lands until September.    He stated that a firm in Detroit employed him to get options on farms in that locality, and that he employed Smith to see some of the farmers, as he was personally acquainted with them.    It is probably true, as counsel argues, if Smith were acting for defendants, he was obligated to disclose to them all the facts which he knew which would be likely to enhance the value of the premises, but so far as the record shows he did disclose what he knew and all that his principal, Stuart, knew at that time. The firm which employed Stuart as a real estate broker was not bound to disclose to him the purpose for which they wanted the land.    Smith's relations with defendants, of course, were different, but it does not appear that, at the time the option was made, either he, or his principal, Stuart, knew of the purpose for which the options were being obtained.

This is not a case where an agent deceives his principal as to the person for whom he is acting and receives a secret profit.    Smith informed defendants he was acting for Stuart and the option which defendants signed showed that it was being taken in Stuart's name, and on the occasion when Mrs. Dorow signed the option Stuart was present and defendants showed him through the house.

Looking through all the defenses made by the parties it is plainly to be seen that the real and only reason defendants had for refusing to carry out their contract was the fact that after they had signed the option they learned from their neighbors, Berger and Cort, that they had received a much larger sum for

their farms, and defendants were frank enough early in the fight to admit it. When plaintiff went to serve notice on them that he would take the farm under his option they refused to deed, and the only reason given by them was that "they would not deliver the farm because they were not getting enough for their farm; that other people around there were getting more." And Dorow admitted upon the stand that after he talked with his neighbors, Cort and Berger, he thought he ought to have as much as they received.

The not uncommon practice of parties making solemn agreements in writing and then deliberately repudiating them for the sole reason that it is to their financial benefit to do so is one which is not to be commended, and we feel that this case falls within that class. We are convinced from the record that the consideration for the farm was fixed by Dorow himself, that the option was signed understandingly by both defendants. They then thought it was a good price, and it was a good price—all it was worth for farming purposes. The land was part muck and part blow sand, with ordinary farm buildings. Defendants had paid $3,550 for it 5 years before. We have no doubt that the conveyance would have been made in accordance with the option without objection had defendants not felt that they ought to get as much as their neighbors received.

We are of the opinion that the option should be enforced specifically. In so doing the changes in the contract consented to by plaintiff on the record should be incorporated in the decree.

The decree will be reversed, with costs to plaintiff.

Steere, C. J., and Moore, Wiest, Fellows, Stone, Clark, and Sharpe, JJ., concurred.