HAASER, Respondent, v. ENGLEBRECHT, Appellant.

(186 N. W. 572.)

(File No. 4579.   Opinion filed January 30, 1922.)

1.   **Appeal—Error—Settled Record, Judge's Certificate Unattached by Clerk, Effect Re Record·on Motion for New Trial—Presumption.**

Where, although trial judge made a proper certificate to settle the record, the clerk neglected to attach same to the remainder of the record, but filed it therewith, it being dated the date on which motion for new trial was heard, this Court will assume, contrary not appearing, that such record and certificate were before trial judge on said motion; it not appearing that failure to attach such certificate was noted at the hearing; and will not hold that trial court was bound to deny the motion because of such omission.

2.   **Irrigation—Condemnation for Way Over Defendant's Land for Ditch as Riparian Right—Non-allegation of Appropriation of Waters—Objection to Complaint and Motion for Verdict, Whether Denial of Riparian Right Under Desert Land Act.**

Where, in a suit to condemn right of way over defendant's land for an irrigation ditch to convey onto plaintiff's lands waters of a certain stream, on the ground that said lands are riparian to the stream, held, regarding objections to the complaint for failure to state a cause of action for not showing an appropriation of waters by plaintiff, and that under provisions of Laws 1907, Ch. 180, riparian rights theretofore existing were repealed, defendant having also moved for directed verdict for plaintiff's failure to show himself entitled to riparian rights under the statutes—that while said objection and motion did not directly present question of effect of "Desert Land Act" of March 3rd, 1877, they by implication maintain that plaintiff had no riparian rights to the waters for irrigation purposes. So held, it not appearing that plaintiff's lands were settled upon by patentees prior to said date, while dates of patents rendered it almost certain that settlement was made thereafter.

3. Same—Riparian Owner, Claim of, Burden of Proof Re As To Date of Settlement—Effect, Under Non-establishment of Rights Other Than As Plead or Proven.

Where plaintiff seeks to condemn right of way over defendant's land for irrigation ditch to convey waters from a certain stream to his land as a riparian owner, burden of proof is on him to establish claim by proof of settlements upon the lands at a date that will give to the settlers such rights; and, evidence failing to show that plaintiff or his grantors ever acquired riparian rights re such waters, other than to use them for domestic purposes, then, unless he has some rights thereto other than any pleaded or proven, he cannot maintain the suit.

Appeal from Circuit Court, Custer County. Hon. Levi McGee, Judge.

Action by August A. Haaser, against August D. Englebrecht, for condemnation of a right of way over defendant's lands for construction of an irrigation ditch to convey alleged riparian waters. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

*Harry P. Atwater, Percy H. Helm,* and *H. M. Lewis,* for Appellant.

*Buell & Denu,* for Respondents.

The Act of Congress of March 3, 1877, Ch. 107, Sec. 1, 19 Stat. 377, after providing for sale and reclamation of desert lands, reads:

"* * And all the surplus waters over and above such actual appropriation and use, together with the waters of all lakes,

rivers and other sources of supply upon public lands and not navigable, shall remain and be held free for the appropriation and use of the public for irrigation, mining, and manufacturing purposes, subject to existing rights."

[2]   Under point two of the opinion, Appellant submitted that:   Under the dedication embraced in said Act of Cong., plaintiff took up this land under the federal homestead laws, and accepted patent with full knowledge that his right to public waters was based upon appropriation and use and not upon his being an adjacent owner, that under such ownership he acquired no rights; and cited:   Hough v. Porter, (Oreg.) 98 Pac. 1084.

Respondent submitted that:   Riparian rights exist under said federal and state statutes; citing:   Wiel on Water Rights, Vol. I, page 137; Sturr v. Beck, 133 U. S. 541, 10 Sup. Ct. Rep. 350, 33 L. Ed. 761; Lone Tree Ditch Co. v. Cyclone Ditch Co., 15 S. D. 519, on rehearing, 26 S. D. 307; St. Germaine Ditch Co. v. Hawthorne Ditch Co. 32 S. D. 260; that under the Acts of Cong., recognizing rights of appropriation, riparian rights are not abrogated; that riparian rights are recognized by Sec. 255, Civ. Code 1877 (later Sec. 2771, Comp. Laws 1887), which section is recognized together with Laws 1881, Ch. 142, in Sturr v. Beck, supra.

WHITING, J.   This action was broaught seeking the condemnation of a right of way over defendant's lands, upon which plaintiff would construct an irrigation ditch to convey onto plaintiff's lands the waters of a certain stream.   Plaintiff bases his claim herein solely upon the ground that his farm lands, so sought to be irrigated, are riparian to this particular stream.   Judgment was for plaintiff.   From such judgment and from an order denying a new trial, defendant has appealed.

[1]   Respondent contends that the lower court should be sustained because there was no proper settled record.   It appears that Judge McGee, the trial judge presiding at this trial, made a proper certificate to settle the record herein.   In this certificate he referred to such record, reciting the number of pages thereof, and that it contained the judgment roll together with a full, true, and correct transcript of the proceedings had at the trial.   The clerk of the circuit court neglected a duty prescribed by statute, and failed to attach this certificate to the remainder of the record;

but he did place it, with such record, among the files in his office. This certificate was dated the date on which the motion for new trial was heard. This court will assume, the contrary not appearing, that such record and certificate were before the judge who heard the motion for new trial. As it does not appear that the failure of the clerk to attach such certificate to the record was noted upon the hearing of such motion, and inasmuch as the certificate so clearly refers to the record to which it was intended to be attached as to permit of no doubt as to what the trial judge intended to include in the settled record, this court would not be warranted in holding that the trial court was bound to deny the motion for new trial because of such omission, by the clerk of the circuit court, to physically attach the certificate to the record.

[2, 3]   There are many assignments of error, and they relate to many questions.   Defendant objected to the introduction of any evidence, on the ground:

"That the complaint does not state a cause of action, in that the complaint fails to show that there had been any appropriation of water by the plaintiff; and under the provisions of chapter 180 of the Session Laws of 1907 the riparian rights theretofore existing were repealed."

Defendant also moved for a directed verdict on the ground that—

"Plaintiff has not shown that he is entitled to the relief, for the reason that he is not entitled to any riparian rights under the laws of the state of South Dakota."

.   While the above objection and motion did not directly present the question of the effect of the Desert Land Act of March 3, 1877 (U. S. Comp. St. §§ 4674-4678), they, by implication, maintained that plaintiff had no rights, as riparian owner, to these waters for irrigation purposes.   Respondent does not question but that the effect of such act is before us, but cites numerous cases wherein he insists this and the federal court have held that riparian rights might be acquired after 1877.   An examination of the decisions in these cases discloses that in none of them was the effect of the Desert Land Act considered.   In the case of Cook v. Evans, 45 S. D. 31, 185 N. W. 662, lately decided by this court, the question was directly presented as to whether any riparian rights could be acquired in public waters subsequent to such act; and in

that case this court held that no riparian rights in water for irrigation purposes could be acquired subsequent to the enactment of such act.  There is no evidence showing that plaintiff's lands were settled upon by the patentees thereof prior to March 3, 1877.  Furthermore, the dates of the patents render it almost a certainty that settlement was not made until after that date.  When plaintiff claimed as a riparian owner, the burden was upon him to establish such claim by proof of settlements upon these lands at a date that would give to the settlers such rights.  Under the evidence, it does not appear that plaintiff or his grantors ever did acquire any riparian rights in and to such waters, other than the right to use the waters for domestic purposes.  It therefore follows that, unless the plaintiff has some rights to the waters in question other than any pleaded or proven herein, he is not in a position to maintain this action.  There are other assignments of error that would have to be sustained; but the matter above discussed is the one all-important matter, and we deem it unnecessary to discuss other assignments.

The judgment and order appealed from are reversed.