### DOROW *v.* SMITH.

FRAUD—JUDGMENT NON OBSTANTE PROPERLY DIRECTED FOR DEFENDANT WHERE NO FRAUD SHOWN.

> In action for fraud judgment *non obstante* was properly directed for defendant, where conclusion of trial judge that fraud or bad faith was not shown is justified by record, and also by finding and decree in prior chancery case involving same facts.

Error to Wayne; Martin (William H.), J., presiding. Submitted April 12, 1929. (Docket No. 22, Calendar No. 34,029.) Decided June 3, 1929. Rehearing denied September 4, 1929.

Case by August Dorow and another against Eben C. Smith for damages for fraud perpetrated in the

sale of real estate. From a judgment for defendant, plaintiffs bring error. Affirmed.

*Atkinson, O'Brien & Clark (Frank W. Atkinson,* of counsel), for plaintiffs.

*Goodenough, Voorheis, Long & Ryan,* for defendant.

CLARK, J. Facts necessary to decision of this case are fully stated in *Stuart* v. *Dorow,* 216 Mich. 591. There Stuart filed bill for specific performance against August Dorow and Matilda Dorow, and had decree. The defense attempted and held without merit was, quoting from the opinion:

"Defendants sought to evade the terms of the contract by claiming that plaintiff and Eben C. Smith, who was acting for Stuart, made false representations to them as to the value of the land, and that Smith, who was pretending to represent defendants, did not disclose to them that this and adjoining lands were being purchased for a contemplated suburban village with rapid transportation service to Detroit via the Pere Marquette railway."

In this case the Dorows brought an action for damages for fraud, above indicated, against Smith and had verdict, but, on decision of a reserved motion to direct, defendant had judgment, and plaintiffs bring error. The trial judge gave a number of reasons for ordering judgment. It is not necessary to consider more than one, namely,

"Because the plaintiffs have failed to show fraud or bad faith on the part of the defendant."

That defendant was not guilty of fraud toward plaintiffs is clearly shown, as a matter of law, in the

statements and conclusions set forth in the opinion above cited, which we here adopt as applicable to this case.

. It follows that the judgment is affirmed.

NORTH, C. J., and FEAD, FELLOWS, WIEST, McDONALD, POTTER, and SHARPE, JJ., concurred.