DEMIDO v ATTORNEY GENERAL

Docket No. 43166. Submitted May 12, 1980, at Lansing.—Decided
   September 16, 1980.

   Plaintiff, James Demido, a chiropractor, brought suit in Ingham
   Circuit Court, challenging a certain provision of the public
   health code and seeking declaratory and injunctive relief. The
   challenged provision excludes from the practice of chiropractic
   "the performance of incisive surgical procedures, the perfor-
   mance of an invasive procedure requiring instrumentation, or
   the dispensing or prescribing of drugs or medicine". Plaintiff
   contended that the provision deprives him of the right to
   practice his profession without due process of law, that it
   denies him equal protection of the law, and that it is unconsti-
   tutionally vague. The trial court entered summary judgment in
   favor of defendants, the Attorney General and the State of
   Michigan, on the ground that the complaint for declaratory and
   injunctive relief failed to state a claim upon which relief could
   be granted, Jack W. Warren, J. Plaintiff appeals. Held:

   1. The purpose of a motion for summary judgment is to test
   the complaint to determine whether the plaintiff has pled facts
   which support elements for a cause of action. The mere state-
   ment of the pleader's conclusions unsupported by allegations of
   fact will not suffice. Declaratory relief is available where an
   actual controversy exists, i.e., where such relief is necessary to
   guide a plaintiff's future conduct in order to preserve his legal
   rights. It is essential, however, that a plaintiff plead facts
   entitling him to the judgment he seeks before affirmative
   declaratory relief can be granted. Plaintiff's complaint does not
   allege any facts which support the conclusion that it is impossi-
   ble for him to perform the functions which the Legislature has
   included in the practice of chiropractic without the use of
   incisive surgical procedures or invasive procedures requiring
   instrumentation or without the authority to dispense drugs or

REFERENCES FOR POINTS IN HEADNOTES
[1] 61 Am Jur 2d, Pleading § 229 et seq.
[2] 22 Am Jur 2d, Declaratory Judgments § 10.

medicine. There is no constitutional bar precluding the Legislature from excluding these procedures from the practice of chiropractic.

2. Plaintiff's contention that the statute denies him equal protection of the laws because he, as a chiropractor, is not allowed to perform medical and surgical procedures which other licensed medical practitioners of the state may perform is not supported by any allegation of facts which would show that the classifications used by the Legislature in determining the extent of the medical practice of various licensed practitioners have no rational basis.

Affirmed.

1. MOTIONS AND ORDERS — SUMMARY JUDGMENT — PLEADING — COURT RULES.

The purpose of a motion for summary judgment on the grounds that the opposing party has failed to state a claim upon which relief can be granted is to test the complaint to determine whether the plaintiff has pled facts which support elements for a cause of action; the scope of the examination is confined to the pleadings and factual allegations in the complaint are taken as true, along with any inferences and conclusions which may fairly be drawn from the facts alleged; a mere statement of the pleader's conclusions unsupported by allegations of fact will not suffice to state a cause of action (GCR 1963, 117.2[1]).

2. DECLARATORY JUDGMENTS — ACTUAL CONTROVERSY — PLEADING — COURT RULES.

Declaratory relief is available where an actual controversy exists, *i.e.,* where such relief is necessary to guide a plaintiff's future conduct in order to preserve his legal rights; before affirmative declaratory relief can be granted, it is essential that the plaintiff, at a minimum, plead facts entitling him to the judgment he seeks (GCR 1963, 521.1).

*James C. Lucas,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Max R. Hoffman, Jr.,* Assistant Attorney General, for defendants.

Before: D. F. Walsh, P.J., and Bashara and K. B. Glaser, Jr.,* JJ.

Per Curiam. In this cause summary judgment was entered in favor of the defendants on the ground that the complaint for declaratory and injunctive relief failed to state a claim upon which relief can be granted. GCR 1963, 117.2(1). Plaintiff appeals.

Plaintiff brought suit in the circuit court challenging certain provisions of the Public Health Code, MCL 333.1101 *et seq.;* MSA 14.15(1101) *et seq.,* with respect to the practice of chiropractic. The primary challenge is to § 16401(1)(b) of the code, which excludes from the practice of chiropractic "the performance of incisive surgical procedures, the performance of an invasive procedure requiring instrumentation, or the dispensing or prescribing of drugs or medicine". MCL 333.16401(1)(b)(iii); MSA 14.15(16401)(1)(b)(iii).

On appeal, plaintiff argues that summary judgment was improperly granted because his complaint alleged that subsection 16401(1)(b)(iii) deprives him of the right to practice his profession without due process of law, that it denies him equal protection of the law, and that it is unconstitutionally vague.

The purpose of a motion for summary judgment based on GCR 1963, 117.2(1) is to test the complaint to determine whether the plaintiff has pled facts which support elements for a cause of action. The scope of the examination is confined to the pleadings, and factual allegations in the complaint are taken as true, along with any inferences and conclusions which may fairly be drawn from the facts alleged. *Sullivan v The Thomas Organization,*

* Circuit judge, sitting on the Court of Appeals by assignment.

*PC,* 88 Mich App 77, 82; 276 NW2d 522 (1979). However, the mere statement of the pleader's conclusions unsupported by allegations of fact will not suffice to state a cause of action. *Koebke v LaBuda,* 339 Mich 569, 573; 64 NW2d 914 (1954), *Cowan v Federal-Mogul Corp,* 86 Mich App 619, 621-622; 273 NW2d 487 (1977), *Pursell v Wolverine-Pentronix Inc,* 44 Mich App 416, 422; 205 NW2d 504 (1973).

Under GCR 1963, 521.1, declaratory relief is available where an actual controversy exists, that is, where such relief is necessary to guide a plaintiff's future conduct in order to preserve his legal rights. *Shavers v Attorney General,* 402 Mich 554, 588-589; 267 NW2d 72 (1978). However, before affirmative declaratory relief can be granted, it is essential that a plaintiff, at a minimum, pleads facts entitling him to the judgment he seeks. *Kuhn v East Detroit,* 50 Mich App 502; 213 NW2d 599 (1973).

The Legislature has limited the practice of chiropractic to the following functions:

"(i) Diagnosis, including spinal analysis, to determine the existence of spinal subluxations or misalignments that produce nerve interference, indicating the necessity for chiropractic care.

"(ii) The adjustment of spinal subluxations or misalignments and related bones and tissues for the establishment of neural integrity utilizing the inherent recuperative powers of the body for restoration and maintenance of health.

"(iii) The use of analytical instruments, nutritional advice, rehabilitative exercise and adjustment apparatus regulated by rules promulgated by the board pursuant to § 16423, and the use of x-ray machines in the examination of patients for the purpose of locating spinal subluxations or misaligned vertebrae of the hu-

man    spine."    MCL    333.16401(1)(b);    MSA
14.15(16401)(1)(b).

Plaintiff's complaint does not allege facts which
would support the conclusion that it is impossible
for him to perform these functions which the
Legislature has included in the practice of chiro-
practic without the use of incisive surgical proce-
dures or invasive procedures requiring instrumen-
tation or without the authority to dispense or
prescribe drugs or medicine. It will happen on
occasion, of course, that treatment of a patient or
even proper diagnosis of a patient's complaint will
require medical or surgical procedures excluded
from the practice of chiropractic. Moreover, it may
be that the required procedures are within the
competence of the modern day practitioner of
chiropractic because of the scope of his training.
This, however, does not create a constitutional bar.
precluding the Legislature from excluding those
procedures from the practice of chiropractic. As
the Supreme Court stated in *People v Lewis,* 233
Mich 240, 244-245; 206 NW 553 (1925):

"No school may fix a standard of education, and
thereby entitle its graduates to practice any branch of
the healing arts, regardless of legislation, and no gradu-
ate can of right demand that legislation accord with
only what he has been taught. The law recognizes
chiropractic adjustments or treatments and fixes the
standard of knowledge deemed essential to a proper
practice thereof."

Plaintiff also alleges that the statute denies him
equal protection of the laws because he is not
allowed to perform medical and surgical proce-
dures which may be performed by other practition-
ers of medicine licensed by the state. There are no

allegations of facts, however, which would support the conclusion that the classifications used by the Legislature in determining the extent of the medical practice of various licensed practitioners have no rational basis. See *Dandridge v Williams,* 397 US 471, 484; 90 S Ct 1153; 25 L Ed 2d 491 (1970).

Finally, plaintiff's contention that the statute is unconstitutionally vague is supported solely by the allegation that he is unable to determine the meaning of certain terms in the statute.

The trial court properly ruled that the plaintiff has alleged no facts which would sustain his claim that the Legislature has acted unconstitutionally in enacting the foregoing sections of the Public Health Code. Plaintiff's complaint is more properly an attack on the propriety of the legislative decision to impose rather extensive limitations on the practice of chiropractic. If that legislative decision is unwise, short-sighted or improvident, the remedy is with the Legislature and not with the courts.

The decision of the trial court is affirmed. No costs, a public question.