ZASCHAK v TRAVERSE CORPORATION

Docket No. 61506. Submitted October 5, 1982, at Grand Rapids.—
Decided February 9, 1983.

Robert and Sandra Zaschak are owners of property in northern
Michigan which is situtated over the oil and gas bearing
Niagaran Reef Formation. In 1972, the Zaschaks signed an oil
and gas lease with Shell Oil Company. In 1973, the Zaschaks
sold one-half of their mineral rights in the property to William
J. Preston, who in turn sold that interest to Traverse Corpora-
tion. In 1974, Shell Oil Company drilled a well on an adjoining
piece of property and brought in a producing gas and oil well.
The Zaschaks filed a complaint in Manistee Circuit Court
against Shell Oil Company and George C. Francisco, Jr., alleg-
ing that, on the basis of certain misrepresentations made by
Francisco while acting as an agent for Shell Oil, they were
induced into selling to Preston one-half of their mineral rights.
Plaintiffs sought damages from Francisco and Shell Oil. There-
after, by an amended complaint, Traverse Corporation, Robert
Faith and William Preston were added as parties-defendant.
Plaintiffs alleged that Traverse Corporation knew that plain-
tiffs' land might contain oil and gas, knew that a successful
well had been drilled nearby, and knew that the area around
plaintiff's property would be the focus of intensive exploration
at the time Robert Faith, alleged agent of Traverse Corpora-
tion, induced them to sell one-half of their mineral rights and
that Faith failed to inform plaintiffs of such knowledge prior to
the sale of the mineral rights. Shell Oil and Francisco settled
with plaintiffs. The remaining defendants moved for summary
judgment on the bases that plaintiffs failed to state a cause of
action on which relief could be granted and that, except for
damages, there were no disputed facts. Charles A. Wickens, J.,
granted the motion. Plaintiffs appeal. *Held:*

The trial court properly granted the motion for summary

REFERENCES FOR POINTS IN HEADNOTES

[1] 61A Am Jur 2d, Pleading § 230.
[2] 61A Am Jur 2d, Pleading § 231.
[3] 37 Am Jur 2d, Fraud and Deceit §§ 164, 165.

judgment. An action for fraudulent concealment requires the pleading of a duty to disclose. Plaintiffs failed to adequately plead such duty; indeed, the law of this state is that the prospective purchaser of real property is under no duty to disclose to the seller of the property facts or possible opportunities within the purchaser's knowledge which might materially affect the value of the property.

Affirmed.

1. MOTIONS AND ORDERS — SUMMARY JUDGMENT — PLEADINGS — COURT RULES.

A motion for summary judgment on the ground that the opposing party failed to state a claim upon which relief can be granted tests the legal sufficiency of the pleadings; in considering such a motion, the trial court must accept as true all well pleaded facts in the complaint; a mere statement of conclusions, without factual allegations to support them, will not suffice to state a cause of action upon which relief can be granted (GCR 1963, 117.2[1]).

2. FRAUD — FRAUDULENT CONCEALMENT — ACTIONS — SUMMARY JUDGMENT.

The pleading of facts to support a finding that a defendant had a duty to disclose certain information is necessary to properly plead an action for fraudulent concealment; summary judgment dismissing a fraudulent concealment claim on the ground of the failure to state a claim upon which relief can be granted is proper where the plaintiff fails to adequately set forth facts supporting the allegation that the defendant had the duty to disclose the information (GCR 1963, 117.2[1]).

3. VENDOR AND PURCHASER — FRAUD — FRAUDULENT CONCEALMENT.

A prospective purchaser of real property is under no duty to disclose to the seller of the property facts or possible opportunities within the purchaser's knowledge which might materially affect the value of the property.

*Noel D. Culbert,* for plaintiffs.

*Thompson, Zirnhelt, Bowron, Senger & Rosi, P.C.* (by *Peter J. Zirnhelt* and *John N. Seaman, Jr.),* for defendants.

Before: R. B. Burns, P.J., and MacKenzie and T. L. Brown,* JJ.

R. B. Burns, P.J. Plaintiffs appeal from the trial court's granting of summary judgment, pursuant to GCR 1963, 117.2(1) and (3). Specifically, the trial court found that no action for fraud was properly alleged in the pleadings, plaintiffs had failed to state a claim upon which relief could be granted, and there was no genuine issue as to material fact based upon the pleadings and affidavits. We hold that no error occurred under the facts of this case.

This action originally was filed on July 22, 1974, against Shell Oil Company and George Francisco, Jr. Defendants named in this appeal were not joined until April, 1975. After numerous amendments to the pleadings, Shell Oil and Francisco settled with plaintiffs. Summary judgment was granted to the remaining defendants just before the cause was scheduled for trial.

A motion for summary judgment based upon GCR 1963, 117.2(1) tests the legal sufficiency of the pleadings. *Demido v Attorney General,* 100 Mich App 254; 299 NW2d 43 (1980); *Todd v Biglow,* 51 Mich App 346; 214 NW2d 733 (1974). The trial court, when ruling on the motion, must accept as true all well-pleaded facts in the complaint. *Abel v Eli Lilly & Co,* 94 Mich App 59; 289 NW2d 20 (1979), relying upon *Lompre v Venetjoki,* 76 Mich App 521; 257 NW2d 151 (1977).

However, a mere statement of conclusions, without factual allegations to support them, will not suffice to state a cause of action or survive a motion for summary judgment. *Demido v Attorney General, supra; Central Advertising Co v Novi,* 91 Mich App 303; 283 NW2d 730 (1979).

---

* Circuit judge, sitting on the Court of Appeals by assignment.

A meticulous review of the voluminous pleadings filed in the instant case reveals that plaintiffs, despite numerous amendments, failed to state a factual basis to support the assertion that defendant Robert Faith had a duty to disclose certain alleged information regarding the potential productivity of plaintiffs' property. Although this Court has recognized a cause of action for fraudulent concealment under certain circumstances, see *Fassihi v Sommers, Schwartz, Silver, Schwartz & Tyler, PC,* 107 Mich App 509; 309 NW2d 645 (1981); *Williams v Benson,* 3 Mich App 9; 141 NW2d 650 (1966), it is clear that "an action in fraud must definitely and issuably set forth the facts complained of and relied upon for recovery". *Dutkiewicz v Bartkowiak,* 372 Mich 386, 389; 126 NW2d 705 (1964). Because plaintiffs failed to adequately set forth facts supporting the allegation that Robert Faith had a duty to disclose certain information, the trial court properly granted summary judgment pursuant to GCR 1963, 117.2(1).

Next, plaintiffs claim that the trial court erred in finding that no genuine issue of material fact existed on the record. We disagree.

The trial court's determination was based not on whether plaintiffs have developed a case sufficient to go to the jury but rather on whether they have produced enough evidence to permit them to go to trial. See *Rizzo v Kretschmer,* 389 Mich 363; 207 NW2d 316 (1973). Plaintiff Robert Zaschak testified by deposition that defendant Faith, in response to questioning regarding the property, told plaintiffs that he was unaware of any oil and gas exploration activity in the area. Because Faith possesses a graduate degree in geology and undoubtedly had information regarding oil and gas exploration in the area of plaintiffs' land, we have little doubt

that Faith could have concealed material facts from plaintiff. However, Michigan law dictates that a prospective purchaser is under no duty to disclose facts or possible opportunities within his knowledge which materially affect the value of the property. *Furman v Brown,* 227 Mich 629; 199 NW 703 (1924); *Stuart v Dorow,* 216 Mich. 591; 185 NW 662 (1921), see also *Williams v Spurr,* 24 Mich 335 (1872) (no duty by purchaser to disclose the extent and value of iron deposits on the property). Michigan courts have not yet recognized a duty on the part of a vendee to disclose facts relevant to the value of the real estate in question even when specifically asked. We decline to promulgate such a duty on the facts of this case. Although plaintiffs claim that they would not have sold the mineral rights absent Faith's alleged concealment of facts, the record discloses that plaintiffs received what was then the accepted value for the rights, $200 per acre. Moreover, rather than obtain an independent appraisal of the property's mineral potential, plaintiffs relied upon Francisco, with whom they have previously settled, who assured them that $200 per acre was the going rate for mineral rights.

Even though a question of fact possibly could exist on whether defendant Faith misrepresented the value of the mineral rights, summary judgment was properly granted, because under any development of the facts, Faith had no recognized duty to disclose his alleged knowledge of the potential oil and gas activity in the area of plaintiffs' land. Although the trial court did not need to decide defendants' motion based upon GCR 1963, 117.2(3), because plaintiffs had failed to state a claim upon which relief could be granted and thus their claim was subject to summary judgment

pursuant to GCR 1963, 117.2(1), employing the proper standard, the motion should have been granted anyway. *Albro v Total Petroleum, Inc,* 108 Mich App 1; 310 NW2d 252 (1981).

Affirmed.