## SANDERS v THE DETROIT EDISON COMPANY

Docket No. 75610. Submitted December 27, 1983, at Lansing.—Decided November 14, 1984.

Janie M. Sanders, as personal representative of the estates of Leon Sanders, and Walter Sanders, Jr., both deceased, and Helen Brazill, by her guardian Marguerite Wourman, brought an action in Wayne Circuit Court against The Detroit Edison Company, alleging damages resulting from a fire in the house in which the deceaseds and Helen Brazill were living and further alleging that the fire arose out of the use of candles which became necessary for light when defendant turned off the electrical service. Plaintiffs asserted that defendant had failed to abide by the provisions of a Detroit city ordinance which prohibited the termination of electrical service during the winter months and that defendant had failed to give proper notice of termination of service as required by Public Service Commission rules. Plaintiffs claimed that the resulting fire, injuries and damages were proximately caused by defendant's breach of these duties. Defendant moved for summary judgment, both on the basis of plaintiffs' failure to state a claim on which relief could be granted and on the basis that there existed no genuine issue of material fact. In support of the latter basis, defendant submitted affidavits to the effect that several months prior to the date in question it had terminated electrical service after giving the required notice but that someone had illegally reestablished electrical service at the subject residence. The trial court, Maureen P. Reilly, J., granted defendant's motion for summary judgment. Plaintiffs

REFERENCES

Am Jur 2d, Constitutional Law §§ 256 et seq.

Am Jur 2d, Negligence §§ 192 et seq., 234 et seq.

Am Jur 2d, Pleading §§ 230 et seq.

Liability of one other than electric power or light company or its employee for interruption, failure, or inadequacy of electric power. 15 ALR4th 1148.

Right of public utility to deny service at one address because of failure to pay past service rendered at another. 73 ALR3d 1292.

Liability of electric power or light company to patron for interruption, failure, or inadequacy of power. 4 ALR3d 594.

appealed. The Court of Appeals determined that the trial court had granted summary judgment on basis of the lack of a genuine issue of material fact, held that such judgment was inappropriate and reversed and remanded. Docket No. 59246, decided December 14, 1982 (unreported). Defendant sought leave to appeal to the Supreme Court. In lieu of granting leave to appeal, the Supreme Court vacated the judgment of the Court of Appeals and remanded the case to the Court of Appeals for consideration of whether the complaint stated a claim upon which relief can be granted. 418 Mich 882 (1983). *Held:*

1. Since the city ordinance was declared unconstitutional, it was void *ab initio* and could not form the basis for a claim of breach of duty on the part of defendant.

2. The notice requirement of the Public Service Commission rules created a duty, and defendant's failure to comply with that notice requirement constitutes a breach of duty.

3. The question of whether defendant's breach of its duty to give notice of termination of electical service was a proximate cause of plaintiffs' injuries is a question for the jury particularly where, as here, there is a question of whether the intervening act causing the injuries could have been reasonably foreseen.

Reversed and remanded.

MacKenzie, J., concurred. While she concurred with the majority in its holding that plaintiffs stated a cause of action with respect to the Public Service Commission rules claim, she would hold that the Court of Appeals erred in its holding in the prior opinion that there existed a genuine question of material fact. She would affirm the trial court's order of summary judgment on the basis that there does not exist a genuine question of material fact.

### Opinion of the Court

1. Motions and Orders — Summary Judgment — Pleadings.

A motion for summary judgment on the ground that the opposing party failed to state a claim upon which relief can be granted tests the legal sufficiency of the pleadings; in considering such a motion, the trial court must accept as true all well pleaded facts in the complaint (GCR 1963, 117.2[1]).

2. Statutes — Constitutional Law.

The general rule is that an unconstitutional statute is void *ab initio*.

3. PUBLIC UTILITIES — TORTS — DUTY OF CARE — ORDINANCES —
CONSTITUTIONAL LAW.

The failure of a public utility to comply with the provisions of a
city ordinance which is ultimately held to be unconstitutional
cannot form the basis for establishing a breach of a duty of
care by the utility in a negligence action, even where the
failure to comply with the ordinance occurred prior to the date
that the ordinance was declared unconstitutional, since an
unconstitutional ordinance is void *ab initio.*

4. NEGLIGENCE — INTERVENING ACT — PROXIMATE CAUSE — JURY
QUESTION.

The question of whether an intervening negligent act of a third
person constitutes a superseding proximate cause in an action
for negligence is for the jury.

5. NEGLIGENCE — INTERVENING ACT — PROXIMATE CAUSE — FORESEE-
ABILITY.

An intervening independent negligent act will not sever the
proximate cause relationship of a prior negligent act where the
subsequent independent intevening negligent act is a reason-
ably foreseeable consequence of the prior negligent act.

CONCURRENCE BY MACKENZIE, J.

6. MOTIONS AND ORDERS — SUMMARY JUDGMENT — ISSUE OF MATE-
RIAL FACT — AFFIDAVITS.

*A defense motion for summary judgment is properly granted in a
negligence action on the basis that there exists no genuine
issue of material fact where the defendant, by affidavit, repudi-
ates the factual basis upon which the plaintiff's claim is prem-
ised and the plaintiff fails to come forward with some eviden-
tiary proof that a genuine issue of material fact exists (GCR
1963, 117.2[3]).*

*Rifkin, Kingsley & Rhodes, P.C.* (by *James M.
Rifkin),* for plaintiffs.

*Bushnell, Gage, Doctoroff & Reizen* (by *Martin
M. Doctoroff* and *Gary A. Ference),* for defendant.

Before: CYNAR, P.J., and BEASLEY and MAC-
KENZIE, JJ.

PER CURIAM. The trial court granted summary

judgment to defendant, and plaintiff appealed as of right. In an unpublished per curiam opinion, this Court reversed that judgment and remanded for further proceedings. Docket No. 59246, decided December 14, 1982. There we held that the defendant's motion, which recited both GCR 1963 117.2(1) and (3), had been granted on the basis of subrule (3) and that such judgment was inappropriate. Upon application for leave to appeal, the Supreme Court, on December 15, 1983, entered the following order:

"On order of the Court, the application for leave to appeal is considered and, pursuant to GCR 1963, 853.2(4), in lieu of granting leave to appeal, we VACATE the Court of Appeals judgment and REMAND the case to the Court of Appeals for consideration of whether the complaint in this matter stated a 'claim upon which relief can be granted.' GCR 1963, 117.2(1).

"We do not retain jurisdiction." See 418 Mich 882 (1983).

A motion for summary judgment based upon GCR 1963, 117.2(1) tests the legal sufficiency of the pleadings. *Todd v Biglow,* 51 Mich App 346; 214 NW2d 733 (1974). The trial court, when ruling on the motion, must accept as true all well-pleaded facts in the complaint. *Zaschak v Traverse Corp,* 123 Mich App 126, 128; 333 NW2d 191 (1983). Briefly, plaintiffs complain that defendant on January 16, 1980, without any warning, without any notice, and without cause or provocation, did terminate the electrical services, thereby leaving plaintiffs without heat or other means of shelter and forcing plaintiffs to occupy said premises with candlelight. Plaintiffs further allege that on January 16, 1980, the candles did precipitate a fire which resulted in damages to plaintiffs. Defendant alleges that the pleadings are deficient in two

respects: They fail to recite a duty owed to plaintiffs by defendant, and they fail to make a prima facie allegation of proximate cause.

The complaint sets forth two distinct duties. The first duty was based upon Detroit City Ordinance No. 361-H, chapter 39, art 1, passed December 5, 1979. That ordinance provided in pertinent part:

"No artificial or natural gas or electrical public utility may terminate service to any residential customer, including multiple unit dwellings used for residential purposes, for non-payment of a delinquent account during the period commencing on the 15th day of October and ending on the 15th day of April."

This utility shutoff moratorium ordinance was adjudicated unconstitutional on January 28, 1980, *The Detroit Edison Co v City of Detroit*, Wayne Circuit Court civil action No. 79-942-914-CZ. Plaintiffs maintain that, since the service disconnection at issue occurred prior to the ordinance's being declared unconstitutional, the ordinance should be held to have conferred a duty upon defendant for the purposes of this complaint.

In 16 Am Jur 2d, Constitutional Law, § 177, pp 402-403, it is stated:

"The general rule is that an unconstitutional statute, though having the form and name of law, is in reality no law, but is wholly void, and ineffective for any purpose; since unconstitutionality dates from the time of its enactment, and not merely from the date of the decision so branding it, an unconstitutional law, in legal contemplation, is as inoperative as if it had never been passed."

The rule that an unconstitutional statute is void *ab initio* had been long adhered to in Michigan. See *Stanton v Lloyd Hammond Produce Farms,*

400 Mich 135, 144-145; 253 NW2d 114 (1977), citing the Am Jur language set forth *supra.* Although there are exceptions to this principle, *Stanton, supra,* pp 146-148, they are not applicable in this matter. Because the utility shutoff moratorium ordinance was void from its inception, it may not form the basis for a duty as asserted in plaintiffs' complaint.

Alternatively, plaintiffs plead that defendant had a duty to notify plaintiffs of any impending termination of electrical service. Such a duty to warn of service cutoff does exist under relevant Public Service Commission regulations. See 1979 AC, R 460.2163 and R 460.2152. We hold only that this part of plaintiffs' pleadings can survive a summary judgment motion under GCR 1963, 117.2(1).

We must now determine whether the pleadings state that defendant's breach of duty was a proximate cause of plaintiffs' injuries. These pleadings clearly establish the existence of an intervening negligent act, *i.e.,* plaintiffs' use of candles in such a fashion as to start a devastating fire. The salient question is whether the intervening act is of such character that a claim in negligence has not been pleaded as a matter of law.

The question of proximate cause is generally held to be one for the jury. *Comstock v General Motors Corp,* 358 Mich 163, 180; 99 NW2d 627 (1959). More specifically, whether an intervening act of a third person constitutes a superseding proximate cause is a question for the jury to decide. *Young v E W Bliss Co,* 130 Mich App 363, 369; 343 NW2d 553 (1983), and cases cited therein. While an intervening independent cause may sever whatever connection there may be between the plaintiffs' injuries and the defendant's negligence, this is not so where the intervening act was reasonably

foreseeable. *Davis v Thornton,* 384 Mich 138, 148; 180 NW2d 11 (1970). See also 2 Restatement of Torts, § 447, p 1196, followed in *Fiser v City of Ann Arbor,* 417 Mich 461, 474; 339 NW2d 413 (1983).

We conclude that plaintiffs' complaint does allege a cause of action such that it could survive defendant's motion for summary judgment under GCR 1963, 117.2(1). This cause is remanded for trial.

Reversed.

MacKenzie, J. *(concurring).* The issue before this Court on remand is whether plaintiffs' complaint is sufficient to withstand summary judgment under GCR 1963, 117.2(1). The majority holds that, as to plaintiffs' claim that the shutoff was wrongful because it violated the moratorium ordinance later found to be unconstitutional, plaintiffs have failed to state a claim upon which relief can be granted because the ordinance was void *ab initio.* As to plaintiffs' claim that the shutoff was wrongful because defendant failed to give the requisite notice, and that the shutoff was the proximate cause of plaintiffs' injuries, the majority holds that plaintiffs have stated a claim upon which relief can be granted.

I concur with the result reached by the majority as to the GCR 1963, 117.2(1) summary judgment issue presently before us. However, I write separately to state that had I been on the pre-remand panel which addressed the GCR 1963, 117.2(3) summary judgment issue I would have found that, as to plaintiffs' claim based on defendant's alleged failure to give notice, summary judgment was proper since there was no genuine issue of material fact and defendant was entitled to judgment as a matter of law.

The affidavits submitted by defendant indicated that on October 24, 1979, electrical power was shut off for nonpayment and that prior thereto defendant had complied with all the applicable notice requirements. Helen Brazill's affidavit averring that she never received notice prior to the October 24, 1979, shutoff did not serve to controvert defendant's affidavits averring that all requisite efforts to provide notice were made; her affidavit only raised an issue as to whether actual notice was given, an issue which is immaterial since actual notice is not required. Also, plaintiffs never disputed that the account was in arrears at the time of the October 24, 1979, shutoff and never averred that the account was subsequently paid in full so that defendant should have restored service thereafter. Defendant's affidavits indicated that electricity to Helen Brazill's home was restored without defendant's authorization after the October 24, 1979, shutoff. While Helen Brazill in her affidavit denied having any knowledge as to tampering with the meter, whether she had such knowledge was immaterial. Regardless of whether Helen Brazill knew of or participated in the unauthorized restoration of power, it was undisputed that, prior to the power shutoff on January 15, 1980, power had been restored without defendant's authorization; and I agree with the trial judge that defendant was not required to comply with the notice requirements before terminating the unauthorized use of its power. Plaintiffs, as the parties opposing defendant's motion for summary judgment, failed to come forward with some evidentiary proof that a genuine issue of material fact existed. *Rizzo v Kretschmer,* 389 Mich 363, 372; 207 NW2d 316 (1973); *Durant v Stahlin,* 375 Mich 628, 640; 135 NW2d 392 (1965). I would have affirmed the court's grant of summary judgment for defendant under GCR 1963, 117.2(3).