WINKLER v THE COMMERCIAL NATIONAL BANK OF L'ANSE

1. Banks and Banking—Unauthorized Signature—Notice—Instructions to Jury.

A bank that makes payment of a forged check drawn on a customer's account before its customer received his bank statement and before he had constructive knowledge of the forgery could not have suffered a loss by reason of the customer's failure to notify the bank of the forgery, the customer may assert the unauthorized signature against the bank, and a jury should be given an instruction that if the signature is unauthorized they must find for the customer (MCLA 440.4406).

2. Banks and Banking—Unauthorized Signature—Notice—Reasonable Period—Question of Fact.

The trier of fact should determine whether a customer has a reasonable period to notify a bank of an unauthorized signature where the bank paid a second check, with the same unauthorized signature, within 14 days of the time that the customer received the bank statement and the first cancelled check, and if the period is found to be reasonable, then the customer is precluded from asserting the unauthorized signature on the second check against the bank (MCLA 440.4406).

3. Trial—Instructions to Jury—Separate Theories of Liability.

Jury instructions which present two completely separate theories of liability without drawing distinctions between these two theories or explaining their application do not fairly present the questions to the jury.

Appeal from Baraga, Stephen D. Condon, J.

References for Points in Headnotes

[1] 10 Am Jur 2d, Banks § 603 et seq.
[1, 2] 10 Am Jur 2d, Banks § 254.
[2] 10 Am Jur 2d, Banks § 515.
Construction and effect of statute relieving bank from liability to depositor for payment of forged or raised check unless within specified time after return of voucher representing payment he notifies bank as to forgery or raising, 50 ALR2d 1115.
[3] 53 Am Jur, Trial § 627.

Submitted Division 3 June 15, 1972, at Iron Mountain. (Docket No. 11412.) Decided September 26, 1972.

Complaint by H. J. Winkler, M.D., against The Commercial National Bank of L'Anse for money wrongfully paid out of plaintiff's account. Judgment for defendant. Plaintiff appeals. Reversed and remanded in part.

*Wisti & Jaaskelainen,* for plaintiff.

*McLean & McCarthy,* for defendant.

Before: FITZGERALD, P. J., and HOLBROOK and T. M. BURNS, JJ.

HOLBROOK, J. Plaintiff, at all relevant times, had a checking account with defendant bank. Plaintiff, his wife, son, and his daughter were authorized to draw checks on this account. Between November 10, 1966, and March 26, 1967, nine checks totaling $4,850 were drawn on the account. These checks were all payable to cash and indorsed by one Emily Jo Ramsey. They were presented for payment to, and were paid by, defendant bank. The respective dates upon which the checks were drawn and paid are as follows:

| Check Date | Payment Date | Amount |
|---|---|---|
| 11-10-66 | 11-14-66 | $150 |
| 12- 5-66 | 12-12-66 | 400 |
| 12-14-66 | 12-20-66 | 500 |
| 12-25-66 | 1- 3-67 | 600 |
| 1- 9-67 | 1-11-67 | 600 |
| 1-20-67 | 1-23-67 | 500 |
| 2-14-67 | 2-17-67 | 950 |
| 3-15-67 | 3-22-67 | 550 |
| 3-26-67 | 3-30-67 | 600 |

On October 21, 1969, plaintiff filed a complaint against the defendant bank alleging that the signature of the drawer appearing on these checks was not the signature of any of the persons authorized to draw checks upon the account of the plaintiff; that the defendant was negligent in examining the signature of the drawer and in failing to recognize said signatures as false or forged signatures; that the defendant bank wrongly paid the sums of money for the checks out of plaintiff's account; and that such sums of money wrongfully paid by the defendant bank are now due and owing to the plaintiff.

Defendant answered and asserted in an affirmative defense that the plaintiff failed to notify the bank of the alleged forgeries within the time required by MCLA 440.4406; MSA 19.4406.

The cause was tried by a jury commencing on March 8, 1971. From a judgment of no cause of action, plaintiff appeals.

The dispute on appeal centers on the following portion of the trial court's instruction to the jury from which plaintiff timely objected:

"The plaintiff to recover must show, number one, that the checks drawn on plaintiff's account were not signed by the persons authorized to draw on this account; two, that the defendant bank did not use ordinary care in paying said checks; and that the plaintiff, three, suffered a loss by reason of the failure of the bank to use such ordinary care."

Plaintiff contended at trial and here on appeal that while this instruction was correct as applied to the six checks drawn between December 25, 1966, and March 26, 1967, it is incorrect as applied to the three checks drawn between November 10, 1966, and December 14, 1966. He relies on MCLA

440.3404(1); MSA 19.3404(1) to establish that the defendant bank is liable on these three checks. He asserts that the defendant bank cannot utilize MCLA 440.4406; MSA 19.4406 as a defense to these three checks because that statute states that a drawer is not personally liable on checks forged against his account before he has any opportunity to obtain either actual or constructive knowledge of the alleged forgeries. He submits that the plaintiff did not have such knowledge of the alleged forgeries on these checks drawn between November 10, 1966, and December 14, 1966. Therefore, the trial court should have instructed the jury that if they found that the signatures on these checks were forgeries, the defendant bank is absolutely liable thereon.

Defendant contends that the language "reasonable period not exceeding 14 calendar days" of MCLA 440.4406(2)(b); MSA 19.4406(2)(b) means that it is a question of fact for the jury whether the reasonable period is less than 14 days. It submits that this provision thus bars the recovery of the plaintiff on the three checks because there was sufficient evidence that it had paid the checks in good faith and that the reasonable period of time had expired so as to justify the jury's verdict of no cause of action.

MCLA 440.4406; MSA 19.4406 states:

"(1) When a bank sends to its customer a statement of account accompanied by items paid in good faith in support of the debit entries or holds the statement and items pursuant to a request or instructions of its customer or otherwise in a reasonable manner makes the statement and items available to the customer, the customer must exercise reasonable care and promptness to examine the statement and items to discover his unauthorized signature or any alteration on an item

and must notify the bank promptly after discovery thereof.

"(2) If the bank establishes that the customer failed with respect to an item to comply with the duties imposed on the customer by subsection (1) the customer is precluded from asserting against the bank

"(a) his unauthorized signature or any alteration on the item if the bank also establishes that it suffered a loss by reason of such failure; and

"(b) an unauthorized signature or alteration by the same wrongdoer on any other item paid in good faith by the bank after the first item and statement was available to the customer for a reasonable period not exceeding 14 calendar days and before the bank receives notification from the customer of any such unauthorized signature or alteration."

A reading of the relevant portion of this statute indicates that the customer, plaintiff, is precluded from asserting against the bank, defendant, his unauthorized signature on the checks if the bank establishes a loss by reason of the customer's failure to notify it of the alleged unauthorized signature. A review of the record indicates that the defendant bank paid the first check, which was drawn on November 10, 1966, on November 14, 1966. The defendant bank did not send the plaintiff his bank statement and cancelled checks until December 1, 1966. Thus, it appears that the defendant bank had already made payment of this first alleged forged check before the plaintiff had received his bank statement and before he had any constructive knowledge of any forgery so that he could comply with the notice requirement of MCLA 440.4406. Accordingly, the defendant bank's loss on this first check could not have been due to any failure of notice to the bank on the part of the plaintiff. Thus, MCLA 440.4406(2)(a) would not preclude the plaintiff from asserting the alleged

unauthorized signature on this first check against the defendant bank. As to this first check, the plaintiff's assertion is correct that the jury should have been instructed that if they found that the signature on this first check was unauthorized, they must find for the plaintiff on that check. MCLA 440.3404(1); MSA 19.3404(1); MCLA 440.3401; MSA 19.3401.

Under MCLA 440.4406(2)(b), the customer, plaintiff, is precluded from asserting against the bank, defendant, an unauthorized signature by the same wrongdoer on any other check, paid in good faith by the bank after the first check and statement was available to the customer for a reasonable period not to exceed 14 days. Since all of the checks in question were allegedly forged by the same individual, this section may be operative as to the second and third checks. The facts reveal that the first check and bank statement sent to the plaintiff were postmarked December 1, 1966, and that the plaintiff had these items by December 5, 1966. The defendant bank made final payment on the second allegedly forged check on December 12, 1966. Thus, the second check was paid by the defendant bank within 14 days from the time that plaintiff received the bank statement and first cancelled check. It would be up to the jury, as trier of fact, to determine whether the time that the plaintiff had the statement and cancelled check was a "reasonable period" so as to preclude the plaintiff from asserting the alleged unauthorized signature on the second check against the defendant bank, and they should have been so instructed.

The third check was paid by defendant bank on December 20, 1966, well over the 14-day "reasonable period" of MCLA 440.4406(2)(b). Thus, plaintiff is precluded by the statute from asserting the

alleged forged signature on this check against the defendant bank.

It is well established that we view jury instructions in their entirety when we are to determine whether the questions involved in the case were fairly presented to the jury. *Judge v Kilts,* 27 Mich App 502 (1970); *Hall v Wood,* 26 Mich App 135 (1970). A reading of the entire jury instruction in the instant case indicates that the trial court read verbatim to the jury the first three sections of MCLA 440.4406. Defendant contends that this reading of the statutory language of the pertinent portions of MCLA 440.4406 corrected any errors in the instructions to the jury. We do not agree. The statutory language cited and the jury instruction at issue are two completely separate theories of liability. The trial court's instructions did not draw any distinction between these two theories nor did it explain their application. Under these circumstances we cannot say that the questions involved were fairly presented to the jury.

Reversed and remanded for a new trial on the first and second checks herein involved.

No costs, neither party prevailing fully.

All concurred.