RUNIONS v AUTO-OWNERS INSURANCE COMPANY

Docket No. 133217. Submitted October 7, 1992, at Lansing. Decided November 18, 1992, at 9:10 A.M.

Robert C. Runions brought an action in the Ingham Circuit Court against Auto-Owners Insurance Company and Holt and Dimondale Agency, Inc., alleging breach of contract and intentional infliction of emotional distress as a result of the defendants' denial of a claim for damage to insured property caused by a fire. The fire occurred on December 14, 1988. The plaintiff filed a proof of loss on January 31, 1989. After investigating, the defendants concluded that the fire had been intentionally set. The county prosecuting attorney agreed, and, on February 15, 1989, the plaintiff was charged with arson. On April 20, 1989, the defendants denied the plaintiff's insurance claim. On February 16, 1990, the plaintiff was acquitted. On May 24, 1990, he filed this action. The court, Lawrence M. Glazer, J., granted summary disposition for the defendants, finding the breach of contract claim barred by the twelve-month limitation period applicable to the claim, and that the plaintiff failed to state a claim upon which relief could be granted with regard to the claim of intentional infliction of emotional distress. The plaintiff appealed.

The Court of Appeals *held:*

1. There is no evidence that the defendants' investigation was conducted negligently or that they initiated the prosecution for arson. Rather, the defendants cooperated with the authorities as required by statute. MCL 29.4, 29.7; MSA 4.559(4), 4.559(7). The plaintiff did not demonstrate any impediment to his instituting this civil action while the criminal charges were pending or during the three months following his acquittal. The period of limitation was not tolled during the pendency of the criminal charges.

2. The court properly held that the complaint regarding

REFERENCES

Am Jur 2d, Contracts § 732; Fright, Shock, and Mental Disturbance §§ 1-5, 33; Insurance §§ 1771, 1876-1884; Limitation of Actions § 170.

Liability of insurer, or insurance agent or adjuster for intentional infliction of emotional distress. 6 ALR5th 297.

intentional infliction of emotional distress failed to state a claim. The defendants' failure to pay the claim is not the type of conduct that is considered tortiously outrageous. In a contractual setting, a tort action must rest on a breach of duty distinct from the contract. The failure to perform an obligation under a contract, by itself, does not give rise to a negligence cause of action.

Affirmed.

1. Insurance — Limitation of Actions — Tolling — Criminal Charges Against Insured.

The period of limitation for bringing an action to enforce a homeowner's insurance policy following fire damage to the insured premises is not tolled while criminal charges alleging intentional burning of the premises are pending against the insured where the criminal charges are initiated by the prosecuting attorney on the basis of the insurer's good-faith determination that the fire was intentionally set and after the insurer reported its findings to the prosecuting attorney and cooperated with the criminal investigation as required by statute (MCL 29.4, 29.7; MSA 4.559[4], 4.559[7]).

2. Contracts — Torts — Negligence.

In a contractual setting, a tort action must rest on a breach of duty distinct from the contract; the failure to perform an obligation under a contract, by itself, does not give rise to a negligence cause of action.

3. Insurance — Torts — Failure to Pay Claim — Intentional Infliction of Emotional Distress.

An insurer's failure to pay a claim is not conduct considered tortiously outrageous and does not result in the intentional infliction of emotional distress.

4. Torts — Intentional Infliction of Emotional Distress — Elements.

The elements of the tort of intentional infliction of emotional distress are extreme and outrageous conduct, intent or recklessness, causation, and severe emotional distress.

*Blackmond, Hankins, Lange & Hodari, P.C.* (by *William B. Hankins, Jr.*), for the plaintiff.

*Greene & Johnson* (by *Robert C. Greene* and *Kenneth W. Savage, III*), for the defendants.

Before: HOOD, P.J., and WAHLS and McDONALD, JJ.

PER CURIAM. This case deals with whether the period of limitation for suing to enforce a homeowner's insurance policy is tolled during the pendency of criminal charges against the insured regarding the alleged intentional burning of the insured property. We hold that it is not. This is an issue of first impression in our state.

On December 14, 1988, plaintiff purchased a standard fire insurance policy from defendants. See MCL 500.2832; MSA 24.12832. That same evening, a fire occurred, apparently involving a kerosene heater, and the home sustained substantial damage. Plaintiff filed a proof of loss on January 31, 1989.

Defendants and their investigator concluded that the fire had been intentionally set. The Ingham County Prosecutor agreed, and, on February 15, 1989, plaintiff was charged with arson. On April 20, 1989, defendants denied plaintiff's insurance claim.

Plaintiff was prosecuted on the arson charge. As required by statute, defendants cooperated with the arson investigation and prosecution. MCL 29.4; MSA 4.559(4); see also MCL 29.7; MSA 4.559(7). On February 16, 1990, plaintiff was acquitted. On May 24, 1990, he filed this suit.

The trial court granted defendants' motion for summary disposition under MCR 2.116(C)(7), holding that plaintiff's breach of contract claim was barred by the twelve-month statute of limitations. MCL 500.2832 (lines 157-161); MSA 24.12832 (lines 157-161). It also dismissed plaintiff's claim of intentional infliction of emotional distress under MCR 2.116(C)(8), finding that the complaint failed to

state a claim upon which relief could be granted. Plaintiff appeals as of right. We affirm.

First, plaintiff urges this Court to find that the period of limitation was tolled during the pendency of the criminal prosecution. We decline to do so.

The purpose of the statute of limitations is to " 'compel the exercise of a right of action within a reasonable time so that the opposing party has a fair opportunity to defend'; 'to relieve a court system from dealing with "stale" claims, where the facts in dispute occurred so long ago that evidence was either forgotten or manufactured'; and to protect 'potential defendants from protracted fear of litigation.' " *Bigelow v Walraven,* 392 Mich 566, 576; 221 NW2d 328 (1974), quoting 51 Am Jur 2d, Limitation of Actions, § 17, pp 602-603. In some situations, however, a period of limitation for suing on an insurance policy may be tolled. For example, the period is tolled after proof of loss is filed until the insurer decides whether to pay the claim. See *In re Certified Question,* 413 Mich 22, 28-29; 319 NW2d 320 (1982); see also *Tom Thomas Organization, Inc v Reliance Ins Co,* 396 Mich 588, 596-597; 242 NW2d 396 (1976). Similarly, a statute of limitations defense is waived where an insurer induces a mortgagor to wait to file his claim until after the time has run for the mortgagee to file its potentially conflicting claim and the insurer then defends against the mortgagor's claim on statute of limitations grounds. See *Better Valu Homes, Inc v Preferred Mutual Ins Co,* 60 Mich App 315, 320; 230 NW2d 412 (1975).

There are no Michigan cases that exactly parallel plaintiff's situation in this case. Plaintiff thus relies on *Diamon v Penn Mutual Fire Ins Co,* 247 Pa Super 534; 372 A2d 1218 (1977). This reliance is misplaced.

In *Diamon,* the court held that the running of the period of limitation was suspended on an estoppel theory where the insurer negligently investigated plaintiff's claim and then caused him to be prosecuted for arson by telling the police that he had attempted to cheat the insurance company. *Id.* at 541-543. In this case, however, there is no evidence that the investigation was conducted negligently or that defendants initiated plaintiff's prosecution—as opposed to cooperating with the authorities as required by statute. See MCL 29.4; MSA 4.559(4); see also MCL 29.7; MSA 4.559(7).

In sum, plaintiff has not demonstrated any impediment to his instituting a civil action while the criminal charges were pending or during the three months following his acquittal. He has failed to convince us that the limitation period should be tolled during the pendency of criminal charges that, although eventually found unproven, have not been shown to have been brought in bad faith. Michigan law does not support plaintiff's argument.

Next, plaintiff argues that the trial court erred in finding that his complaint failed to state a claim for intentional infliction of emotional distress. We disagree.

The elements of the tort of intentional infliction of emotional distress are: "(1) 'extreme and outrageous' conduct, (2) intent or recklessness, (3) causation, and (4) 'severe emotional distress.' " *Roberts v Auto-Owners Ins Co,* 422 Mich 594, 602; 374 NW2d 905 (1985), citing *Ross v Burns,* 612 F2d 271, 273 (CA 6, 1980). "[I]n a contractual setting, a tort action must rest on a breach of duty distinct from contract." *Id.* at 603-604. Mere failure to perform an obligation under a contract "cannot give rise to a negligence cause of action in tort." *Id.* at 604.

In this case, the only conduct alleged by plaintiff as being tortious is defendants' failure to pay the claim. The facts alleged fall "far short of the conduct which is considered tortiously outrageous." *Id.* at 608. At most, it attempts to plead the nonexistent tort of bad-faith handling of an insurance claim. *Id.* at 604-608. The trial court properly held that plaintiff's complaint failed to state a claim.[1]

Affirmed.

[1] Because plaintiff's breach of contract claim is time-barred, we decline to address whether this is the kind of contract breach that could support mental distress damages. See *Kewin v Massachusetts Mutual Life Ins Co,* 409 Mich 401, 415-419; 295 NW2d 50 (1980); see also *Stewart v Rudner,* 349 Mich 459; 84 NW2d 816 (1957).