SIECINSKI v FIRST STATE BANK OF EAST DETROIT

Docket No. 165921. Submitted January 17, 1995, at Lansing. Decided March 21, 1995, at 9:20 A.M. Leave to appeal sought.

Margaret Siecinski, as personal representative of the estate of Earl Hosten, brought an action in the Macomb Circuit Court against First State Bank of East Detroit, alleging breach of contract, negligence, conversion, and violation of the Uniform Commercial Code with regard to certain withdrawals from the decedent's savings account. The plaintiff alleged that the withdrawals, which were made by a woman who presented the defendant with a power of attorney naming her as the decedent's agent, were unauthorized because the woman had forged the decedent's signature on the power of attorney. The court, John B. Bruff, J., granted summary disposition for the defendant, but refused the defendant's requests for costs and attorney fees as sanctions. The plaintiff appealed, and the defendant cross appealed.

The Court of Appeals *held:*

1. The plaintiff's UCC count is barred by former MCL 440.4406(4); MSA 19.4406(4), which provided in part that, without regard to care or lack of care of a customer or a bank, a customer who does not within one year from the time a bank statement and items reflected in the statement are made available to the customer discover and report an unauthorized signature on the face or back of the item is precluded from asserting the unauthorized signature against the bank. Section 4406(4) was not a limitation statute subject to tolling under compelling circumstances but was a statutory prerequisite of notice that absolutely barred a customer's right to make a claim against a bank after one year.

2. The remaining counts are also barred by § 4406(4), whose

REFERENCES

Am Jur 2d, Banks §§ 604, 605, 630.

Construction and effect of statute relieving bank from liability to depositor for payment of forged or raised check unless within specified time after return of voucher representing payment he notifies bank as to forgery or raising. 50 ALR2d 1115.

application was general and not restricted to particular causes of action.

3. The defendant is not entitled to costs and attorney fees under MCR 2.114(E),(F), 2.625(A)(2), or 7.216(C)(1)(a). In denying the motion for sanctions, the trial court impliedly ruled that the plaintiff's action was not frivolous. The trial court did not clearly err in making that implicit ruling.

Affirmed.

BANKS AND BANKING — UNIFORM COMMERCIAL CODE — BANK DEPOSITS AND COLLECTIONS — UNAUTHORIZED SIGNATURES.

The one-year period after a bank statement is made available to a bank customer within which the customer may assert an unauthorized signature on an item reflected in the statement is an absolute time limit that is not subject to any exceptions (formerly MCL 440.4406[4]; MSA 19.4406[4], now MCL 440.4406[6]; MSA 19.4406[6]).

*Cummings, McClorey, Davis & Acho, P.C.* (by *Ronald H. Greve*), for the plaintiff.

*Bodman, Longley & Dahling* (by *Kay E. Malaney*), for the defendant.

Before: CAVANAGH, P.J., and HOLBROOK, JR., and MARKEY, JJ.

PER CURIAM. Plaintiff appeals as of right from the circuit court's grant of summary disposition for defendant pursuant to MCR 2.116(C)(7) and (10). Defendant cross appeals from the court's denial of its motion for sanctions. We affirm.

According to the complaint, the decedent, Earl Hosten, sustained a closed head injury on December 7, 1989, and remained in a semicomatose state until his death on January 15, 1990.

On January 12, 1990, a person named Dorothy Jackson presented to defendant First State Bank of East Detroit a document purporting to be a power of attorney signed by Hosten on January 8, 1990, and withdrew $30,500 from Hosten's savings

account. On January 16, 1990, Jackson withdrew the balance remaining in the account, $145,617.59.

On May 21, 1990, Jackson presented for probate a will dated January 8, 1990, apparently signed by Hosten, which left all of Hosten's property to Jackson. Jackson was appointed temporary personal representative of Hosten's estate.

The beneficiaries under Hosten's previous will initiated a will contest, which was settled in April, 1991. Pursuant to the settlement agreement, the January 8, 1990, will was declared null and void, and the previous will was admitted to probate. Plaintiff, Margaret Siecinski, was then appointed personal representative of Hosten's estate.

At some time after her appointment as personal representative, plaintiff discovered Jackson's withdrawals from Hosten's savings account. Claiming that Hosten's signature on the power of attorney was forged and the withdrawals were unauthorized, plaintiff first demanded that the bank restore the funds and then filed suit against the bank, alleging breach of contract, negligence, conversion, and violation of the Uniform Commercial Code, Bank Deposits and Collections, MCL 440.4101 *et seq.*; MSA 19.4101 *et seq.*

Defendant moved for summary disposition, asserting that the claim was barred under the time limit of former MCL 440.4406(4); MSA 19.4406(4). The court agreed, granted the motion, and dismissed the case. This appeal and cross appeal followed.

I

Plaintiff's first issue on appeal is whether the court properly granted summary disposition of the UCC count.

Former MCL 440.4406(4); MSA 19.4406(4),[1] in effect at the time in question, provided as follows:

> Without regard to care or lack of care of either the customer or the bank a customer who does not within 1 year from the time the statement and items are made available to the customer (subsection [1]) discover and report his unauthorized signature or any alteration on the face or back of the item . . . is precluded from asserting against the bank such unauthorized signature or . . . such alteration.

That provision has been held to bar a company's action against a bank after the bank paid company checks that lacked one of two required signatures and the company did not notify the bank of the unauthorized signature within one year. *King-of-All Mfg, Inc v Genesee Merchants Bank & Trust Co,* 69 Mich App 490; 245 NW2d 104 (1976).

Plaintiff urges that *King-of-All* is factually distinguishable from the present case, arguing that a literal construction of the statute in this case produces the absurd result of barring plaintiff's cause of action before any person was in a position to discover the forgery and assert the decedent's rights against the bank. In support of her argument, plaintiff cites *Benge v Michigan Nat'l Bank,* 341 Mich 441; 67 NW2d 721 (1954), where the Court held that a depositor who had no opportunity to detect forged checks because her bank statements were intercepted by the forger, her husband, could recover from the bank even though she did not notify the bank of the forgery within the statutory period.

*Benge* does not control the instant case because

---

[1] Presently MCL 440.4406(6); MSA 19.4406(6), amended by 1993 PA 130, effective September 30, 1993. The amendment is not material to this dispute.

*Benge* was decided on the basis of a former statute that was repealed upon enactment of the UCC, and that appeared to require that the depositor actually ·receive bank statements and items such as cancelled checks. The repealed statute provided:

> No bank shall be liable to a depositor for the payment by it of a forged or raised check unless within 3 months after the return to the depositor of the voucher of such payment such depositor shall notify the bank that the check so paid is forged or raised. [MCL 487.661; MSA 23.371.]

Under the UCC, however, it is no longer necessary for the bank to mail statements and items to the customer: it may also hold them pursuant to the customer's request, or "otherwise in a reasonable manner make them available to the customer." *Benson v Comerica Bank,* 177 Mich App 517, 521; 442 NW2d 284 (1989). Thus, actual receipt of the items is no longer required. Moreover, the present statute allows the customer a full year in which to notify the bank. We conclude that the pre-UCC statute at issue in *Benge* differs from § 4406(4) to such an extent that *Benge* is inapposite here.

On the other hand, we do not believe that the fact that plaintiff was not in a position to assert the decedent's rights until after the one-year period had expired is sufficient to render inapplicable the holding of *King-of-All, supra.*

The primary goal of statutory interpretation and construction is to effectuate the intent of the Legislature without harming the plain wording of the act. *Lorencz v Ford Motor Co,* 439 Mich 370, 377; 483 NW2d 844 (1992). When a statute is clear and unambiguous, judicial construction or interpretation is unnecessary and, therefore, precluded. *Id.* at 376. However, courts should avoid a literal construction of a statute that would produce an

absurd and unjust result clearly inconsistent with the purposes and policies of the statute. *Rowell v Security Steel Processing Co,* 445 Mich 347; 518 NW2d 409 (1994); *Salas v Clements,* 399 Mich 103, 109; 247 NW2d 889 (1976).

There is no dispute that the meaning of § 4406(4) is clear. It is true that the result of construing the subsection literally is unfortunate in this case. However, we do not believe that it is sufficiently absurd and unjust, or contrary to the purposes of the statute, to justify an interpretation of the subsection that is at odds with its clear and explicit language.

Courts of other jurisdictions have held that the subsection is not a limitation statute subject to tolling under compelling circumstances but is a statutory prerequisite of notice that absolutely bars a customer's right to make a claim against the bank after one year without regard to the care or lack of care of either the customer or the bank. *Jensen v Essexbank,* 396 Mass 65, 66; 483 NE2d 821; 41 UCC Rep 1366 (1985); *Space Distributors, Inc v Flagship Bank of Melbourne,* 402 So 2d 586, 589; 32 UCC Rep 517 (Fla App, 1981); *Indiana Nat'l Corp v Faco, Inc,* 400 NE2d 202; 29 UCC Rep 194 (Indiana App, 1980). We agree with that analysis and conclude that plaintiff's failure to notify the bank within one year, even though she was not then in a position to do so, bars her claim against defendant. *King-of-All, supra* at 492. We note that plaintiff is not without recourse against the alleged wrongdoer, Jackson.

Accordingly, the court properly granted summary disposition with respect to plaintiff's claim under the ucc.

II

Next, plaintiff asserts that the court erred in

dismissing her negligence and other counts because former § 4406(4) does not apply to negligence actions. We disagree. The language of the subsection does not restrict its application to any particular cause of action. It provides, generally, that a customer's failure to report an unauthorized signature within one year after a statement of account is made available to the customer precludes the customer from asserting the unauthorized signature against the bank. See *Winkler v Commercial Nat'l Bank of L'Anse,* 42 Mich App 740, 743; 202 NW2d 468 (1972) (causes of action for negligence and conversion dismissed pursuant to § 4406[2][b]). We conclude that the unauthorized signature may not, after one year, be asserted against the bank in any type of action, including a negligence action.

Furthermore, this is essentially an action for breach of contract brought under the UCC. Plaintiff has not alleged that the bank had any duty toward its customer that would give rise to an action in tort. See *Ulrich v Federal Land Bank of St Paul,* 192 Mich App 194, 199-200; 480 NW2d 910 (1991). In a contractual setting, a tort action must rest on a breach of duty distinct from the contract; the mere failure to perform an obligation under a contract cannot support a negligence claim. *Runions v Auto-Owners Ins Co,* 197 Mich App 105, 109; 495 NW2d 166 (1992).

Thus, the court properly granted summary disposition with respect to plaintiff's remaining counts.

III

On cross appeal, defendant contends that the court erred in failing to grant its motion for costs and attorney fees pursuant to MCR 2.114(E) and

(F) and MCR 2.625(A)(2), and that it also is entitled to sanctions under MCR 7.216(C)(1)(a) for the defense of the instant appeal.

In failing to grant the motion, the trial court impliedly found that plaintiff's claims were not frivolous. A trial court's finding with respect to whether a claim was frivolous will not be disturbed on appeal unless it is clearly erroneous. *State Farm Fire & Casualty Co v Johnson,* 187 Mich App 264, 268-269; 466 NW2d 287 (1991). Contrary to defendant's assertion, plaintiff's claim was not devoid of arguable legal merit, see *Louya v William Beaumont Hosp,* 190 Mich App 151, 155-156; 475 NW2d 434 (1991); hence, the court's tacit finding that the claim was not frivolous was not clearly erroneous. Defendant was not entitled to costs and attorney fees under MCR 2.114(E) and (F) and MCR 2.625(A)(2). For the same reason, we decline to award costs and attorney fees under MCR 7.216(C)(1)(a). *State Farm, supra* at 269; *Stablein v Schuster,* 183 Mich App 477, 483; 455 NW2d 315 (1990).

Affirmed.