### BAYS *v.* U. S. CAMERA PUBLISHING CORP.

1. CONTRACTS—CONTEST—PRIZE—ASSIGNMENTS.

   Descriptions of a contest prize cannot be considered as conditions of the contest offering, where the official rules of the contest are set apart from the prize descriptions; thus, a magazine publishing company could not impose a restriction on assignment and transfer of a prize after plaintiff accepted the offer to enter the contest, since the contest rules did not contain a restriction on assignment and transfer of the prize.

2. CONTRACTS—BREACH—CONTEST.

   A magazine publisher that announced a photographic contest with various prizes including a swimming pool to be awarded to winners *held,* to have breached its contract with a winner by failing to deliver the swimming pool, where the swimming pool winner agreed with the pool supplier to delay installation from August until the next spring and during that time the pool supplier became insolvent and could not deliver the pool, since the delay was prompted by weather hazards, was not caused by the winner, and no different contract was entered into with the supplier.

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 38 Am Jur 2d, Gambling § 267.
[4] 31 Am Jur 2d, Expert and Opinion Evidence §§ 133, 181, 183.

3. Contracts—Contest—Prize—Damages.

   The winner of a contest was entitled to recover damages in an amount equal to the fair market value of his prize, which was an installed and equipped swimming pool, where the company offering the contest failed to deliver the pool.

4. Contracts—Damages—Evidence—Expert Witness.

   Reliance of the trial judge on the opinion of plaintiff's expert witness as to the value of a swimming pool *held*, proper, where that testimony was the only evidence presented as to the value of the pool in a trial for breach of contract.

Appeal from Ingham, Sam Street Hughes, J. Submitted Division 2 April 9, 1968, at Detroit. (Docket No. 4,053.) Decided July 29, 1969.

Complaint by Douglas L. Bays against U. S. Camera Publishing Corporation, a foreign corporation, for breach of contract. Judgment for plaintiff. Defendant appeals. Affirmed.

*Welday, Goldstone & Boila,* for plaintiff.

*Butzel, Levin, Winston & Quint* (*William H. Yager,* of counsel), for defendant.

Before: Holbrook, P. J., and Levin and Pratt,* JJ.

Pratt, J. Beginning in the June, 1958, issue of its magazine, the defendant publisher announced a photographic contest with various prizes to be awarded winners. The announcement contained "Official Contest Rules" which were set off in bold black lines from the other portions of the article listing and describing various prizes.

Pertinent to the issues here is the first paragraph of the contest rules which reads as follows:

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

"1. *Anyone is eligible to enter this contest* with the exception of employees of U. S. Camera Publishing Corp. and their families. *Entries will be accepted from anywhere in the world,* although U. S. Camera Publishing Corp. will not assume any responsibility for postage or customs duties due on entries received. The sponsor will exercise all possible care for entries but cannot accept responsibility for loss or damage. Entries will be returned if sufficient first class return postage is enclosed. Model releases and original negatives must be available on request." (Emphasis supplied.)

Plaintiff, a resident of Windsor, Ontario, Canada, entered the contest, submitting a photograph and in December, 1958, was advised by letter that he had been awarded the second prize, a fully equipped and installed 18' x 36' swimming pool. That letter also contained the following language:

"(These pools cannot be assigned or transferred to someone other than yourself without the express consent of the International Swimming Pool Corporation.) As soon as arrangements for the delivery and installation of your swimming pool have been completed, we will contact you."

Faced with the restrictions against assignment or transfer, the plaintiff who owned no home of his own, attempted a subterfuge involving the transfer of deeds with a homeowning friend who would eventually obtain the pool and pay the plaintiff $3,500. However, the pool supplier had no distributor in the area of plaintiff's residence and during the ensuing delay, plaintiff's arrangements with his friend became impractical. In the late summer, a representative of the pool supplier contacted the plaintiff but it was mutually agreed that installation in the fall of 1959 would be imprudent and that the pool would be installed in the spring of 1960.

Before the spring of 1960, the pool supplier became insolvent and could not deliver the pool. The defendant publisher then refused delivery.

From a judgment by the trial court in favor of the plaintiff in the amount of $5,437.50, the defendant-publisher appeals, and contends that the assignment or transfer restriction contained in its letter did not constitute a breach of contract by the defendant, that the agreement between the pool supplier and plaintiff to delay installation until the spring of 1960 excused defendant from performance, that plaintiff failed to sustain his burden as to the value of the pool and that plaintiff's damages should be limited to the $3,500 amount of the abortive agreement with plaintiff's friend.

Defendant contends that the restriction against assignment or transfer of the pool was not a new provision or condition of the contract but on the contrary was a more explicit recitation of an implicit condition contained in the original contest announcement. Defendant bases this argument on that portion of the announcement which describes the swimming pool prize and includes the following:

"How would you like to have one of these wonderful pools completely installed in your backyard? * * * A magnificent recreational swimming pool for any homeowner."

Thus, defendant asserts, since the pool was to be installed "in your own backyard," it could obviously not be assigned or transferred and the subsequent restriction merely reiterated this condition in more definite terms. We cannot accept such a circuitous argument. The language of the "Official Contest Rules" is simple, clear and unequivocal, i.e., "Anyone is eligible * * * anywhere in the world * * * ." The official rules are set apart from

the prize descriptions and the latter cannot in our view be considered as conditions of the offering. As is stated in 17 Am Jur 2d, Contracts § 263 p 668, the "plain meaning expressed in the contract cannot be varied or added to by such extrinsic matters."

The defendant had no legal right after the plaintiff accepted the defendant's offer to enter the contest to impose a restriction on assignment and transfer not set forth in the contest rules. *Mooney* v. *Daily News Company of Minneapolis* (1911), 116 Minn 212 (133 NW 573); *Hertz* v. *Montgomery Journal Publishing Co.* (1913), 9 Ala App 178 (62 So 564). Accordingly, the plaintiff was justified in ignoring the restriction which the defendant attempted to impose.

Defendant also contends that the agreement of plaintiff with the pool supplier, and the ensuing delay, excuses defendant from any obligation under the contest contract. Defendant relies heavily on the rule enunciated in *Scheible* v. *Klenk* (1912), 171 Mich 1, where the Supreme Court affirmed a trial court decree in favor of a general contractor on the ground that the owner had independently entered into an entirely different contract with the subcontractor. Additionally, it was found that delays in the completion of the contract were caused by the owner.

Such is not the case here. The initial delay was caused by the lack of a distributor of the pool supplier in the area and the plaintiff, according to the record, urged installation from the time he was notified in December, 1958 to August, 1959. The delay agreed upon in August, 1959, by the pool supplier and plaintiff was prompted as much by weather hazards, both as to construction and as to

use, as by any other reason. No different contract was entered into with the supplier.

The record supports the trial judge's conclusion that the delay was not caused by the plaintiff and that the defendant breached its contract by failing to deliver the swimming pool.

With respect to the award of damages, we find no error in the reliance of the trial court on the competency of plaintiff's expert as to the value of the awarded pool. Further, plaintiff was entitled to recover damages in an amount equal to the fair market value of the installed and equipped pool (*Brodsky* v. *Allen Hayosh Industries, Inc.* [1965], 1 Mich App 591; *Gongola* v. *Yaksich* [1966], 3 Mich App 676) and his fruitless agreement with his friend does not allow a variation of that rule under the circumstances of this case.

The record discloses that the plaintiff agreed to allow his friend to have the pool for only $3,500, but this fact alone would not justify our finding as a matter of law that $3,500 was the true market value of the pool.

The price agreed upon by the plaintiff and his friend, in light of their personal relationship, may have been a bargain price. If defendant wanted to show that the market value of the pool was less than the replacement value, the defendant should have offered testimony or proof establishing that fact. Since it failed to do so, it cannot object that the trial judge adopted the only record evidence as to the value of the pool.

The decision of the trial court is affirmed with costs to appellee.

All concurred.