ULRICH v FEDERAL LAND BANK OF ST PAUL

Docket No. 120144. Submitted February 6, 1991, at Lansing. Decided
October 30, 1991; approved for publication December 12, 1991,
at 9:05 A.M.

Raymond J. Ulrich and Mildred E. Ulrich brought an action in
the Huron Circuit Court against the Federal Land Bank of St.
Paul and the Federal Land Bank Association of Bad Axe-Caro,
alleging breach of fiduciary duty, breach of an implied covenant
of good faith and fair dealing, breach of contract, and negli-
gence, after the bank foreclosed on a mortgage obtained by the
plaintiffs through the association. The court, M. Richard Knob-
lock, J., granted summary disposition for the defendants, ruling
that the plaintiffs had failed to state a claim upon which relief
could be granted. The court also denied the plaintiffs leave to
amend the complaint. The plaintiffs appealed.

The Court of Appeals *held:*

The trial court did not err in granting summary disposition,
and it did not abuse its discretion in denying leave to amend
the complaint.

1. No fiduciary relationship was established between the
plaintiffs and the bank through the operation of federal or state
statutes and regulations, the plaintiffs' reliance on the bank, or
the bank's solicitation of business. Therefore, the bank
breached no fiduciary duties.

2. An independent tort action is not recognized in Michigan
for breach of an implied covenant of good faith and fair
dealing.

3. The plaintiffs' breach of contract claim related to alleged
contractual obligations arising from federal statutes and regu-
lations and the bank's advertisements, policies, pamphlets, and
representations. All these supposed obligations, however, were
extrinsic to the parties' written contract, which the bank did
not breach.

4. Under the facts of this case, the bank did not have a duty
to exercise reasonable care in determining the plaintiffs' eligi-
bility for the loan. The plaintiffs' allegations of negligence with
respect to this duty therefore did not establish a claim upon
which relief could be granted.

5. The proposed amended complaint was not filed within the

deadline set in the pretrial conference summary. The trial court did not abuse its discretion in disallowing the amended complaint.

Affirmed.

*Richard G. Stehno,* for the plaintiffs.

*Hubbard, Fox, Thomas, White & Bengtson* (by *Michael G. Woodworth* and *Peter A. Teholiz*), for the defendants.

Before: WAHLS, P.J., and HOOD and CAVANAGH, JJ.

PER CURIAM. Plaintiffs appeal as of right from an order that granted summary disposition to defendants pursuant to MCR 2.116(C)(8). We affirm.

Plaintiffs were dairy farmers in Huron County. Defendant Federal Land Bank of St. Paul (FLB) is a federally chartered corporation that makes long-term loans to farmers and ranchers. Applications for loans from the federal land bank are made through local federal land bank associations, such as defendant Federal Land Bank Association of Bad Axe-Caro in this case. In May 1980, plaintiffs borrowed $220,000 from FLB and secured the note by granting a mortgage on their farm to FLB. The loan was apparently used to pay off other debts and to finance operations. Sometime in 1984, plaintiffs ceased making payments on the note. FLB later foreclosed on the mortgage and plaintiffs' farm was purchased by FLB at a sheriff's sale. Plaintiffs were unable to exercise their right of redemption within one year and were eventually evicted. In September 1986, plaintiffs filed a complaint against defendants, alleging that the foreclosure was invalid and pleading theories of breach of fiduciary duty, breach of an implied

covenant of good faith and fair dealing, breach of contract, and negligence. Summary disposition was granted to defendants on all these claims.

On appeal, plaintiffs claim that the trial court's grant of summary disposition to defendants was erroneous. A motion brought under MCR 2.116(C)(8) tests the legal sufficiency of a claim by the pleadings alone. All factual allegations in support of the claim are accepted as true, as well as all inferences that can be fairly drawn from those facts. *Mills v White Castle System, Inc,* 167 Mich App 202, 205; 421 NW2d 631 (1988). The motion should be granted only when the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify a right of recovery. *Scameheorn v Bucks,* 167 Mich App 302, 306; 421 NW2d 918 (1988).

Plaintiffs failed to state a claim for breaches of fiduciary duty. Plaintiff's complaint alleged that FLB had assumed the position of a fiduciary because of plaintiffs' naivete, FLB's advertisements to the public, and various state and federal statutes and regulations. A fiduciary relationship arises from the reposing of faith, confidence, and trust, and the reliance of one upon the judgment and advice of another. *Smith v Saginaw Savings & Loan Ass'n,* 94 Mich App 263, 274; 288 NW2d 613 (1979). Plaintiffs' allegations of their inexperience and reliance on FLB are insufficient to claim a fiduciary relationship. Compare the instant case to *Smith,* where the borrower of a construction loan was ill and resided a long distance away from the construction site, the lender had active involvement in the construction process on behalf of the borrower, and the lender repeatedly assured the borrower that the construction was going according to schedule. Plaintiffs did not identify below any statute or regulation that imposed a fiduciary

duty on FLB and do not do so now. Plaintiffs conceded at the hearing on FLB's motion that their claims were not based on a violation of any statute or regulation. Finally, no fiduciary relationship was created between the parties through FLB's attempt to solicit business from the public at large through advertisements.

Summary disposition was also proper with respect to plaintiffs' claims that FLB breached an implied covenant of good faith and fair dealing. Michigan does not recognize an independent tort action for an alleged breach of a contract's implied covenant of good faith and fair dealing. *Kewin v Massachusetts Mutual Life Ins Co,* 409 Mich 401, 422-423; 295 NW2d 50 (1980); *Dahlman v Oakland University,* 172 Mich App 502, 507; 432 NW2d 304 (1988).

Plaintiffs also failed to state a claim for breach of contract. Plaintiffs' complaint alleged that the loan agreement "necessarily incorporated the aforesaid federal statutory, and regulatory duties upon defendant FLB," and that "Defendants violated said agreement commencing before and on May 1, 1980, and continuing thereafter including but not in limitation on March 21, 1984 and July 5, 1984." Even if the loan agreement "necessarily incorporated" statutory duties, as noted earlier, plaintiffs conceded that their claim was not premised on a statutory violation. Furthermore, plaintiffs' simple statement that FLB "violated said agreement" alleges a conclusion that is unsupported by any allegations of fact and will not survive a motion for summary disposition. *Trimper v Headapohl,* 162 Mich App 320, 327; 412 NW2d 731 (1987), rev'd on other grounds 434 Mich 858 (1990); *Zaschak v Traverse Corp,* 123 Mich App 126, 128; 333 NW2d 191 (1983); *Central Advertising Co v Novi,* 91 Mich App 303; 283 NW2d 730

(1979). On appeal, plaintiffs argue that FLB's contractual responsibilities are further defined by its advertisements, internal policies, pamphlets, and various statements, all of which are extrinsic to the loan agreement. This argument is without merit, because the entirety of the parties' obligations are found in the written contract between them. *Raska v Farm Bureau Ins Co,* 412 Mich 355, 363; 314 NW2d 440 (1982); *Bays v US Camera Publishing Corp,* 18 Mich App 385, 388-389; 171 NW2d 232 (1969). Nor can a separate contract be implied from the items to which plaintiffs now draw attention. *Campbell v City of Troy,* 42 Mich App 534, 537-538; 202 NW2d 547 (1972).

Finally, plaintiffs failed to state a claim of negligence. Plaintiffs had alleged that "[d]efendants were required or voluntarily assumed a duty to thoroughly research the facts underlying the advice and recommendations given them to [sic] plaintiffs before the $220,000 was entered [sic]. With the exercise of reasonable care, defendants would have know [sic] that plaintiffs' farm operation productivity was not nearly sufficient to generate the cash flow necessary to service a $220,000 loan in 1980." In other words, plaintiffs claimed that FLB had negligently loaned them money, that FLB should have known that plaintiffs could not make payments on the loan, and that this negligence caused harm to plaintiffs when they defaulted. Because plaintiffs had alleged that FLB did, in fact, loan them $220,000, this novel claim may be accurately characterized as a claim that FLB had negligently entered into a contract with plaintiffs.

We are aware of cases from other jurisdictions identified by plaintiffs that impose a duty of reasonable care on lending institutions in processing loan applications. See *Jacques v First Nat'l Bank*

*of Maryland,* 307 Md 527; 515 A2d 756 (1986); *High v McLean Financial Corp,* 659 F Supp 1561 (D DC, 1987). Although plaintiffs' description of the law in *Jacques* and *High* is accurate, the facts of those cases are dissimilar to those alleged by plaintiffs in their complaint. Plaintiffs draw no distinction between the amount of the loan made and the fact that the loan was made at all. Plaintiffs' complaint alleges as background that they were "required" to borrow the $220,000. There is no indication in the pleadings that plaintiffs received anything other than that for which they had bargained.

It has often been stated that the sometimes hazy distinction between contract and tort actions is made by applying the following rule: if a relation exists that would give rise to a legal duty without enforcing the contract promise itself, the tort action will lie, otherwise it will not. See *Hart v Ludwig,* 347 Mich 559, 565; 79 NW2d 895 (1956); *Nelson v Northwestern Savings & Loan Ass'n,* 146 Mich App 505; 381 NW2d 757 (1985); *Brewster v Martin Marietta Aluminum Sales, Inc,* 145 Mich App 641, 667-668; 378 NW2d 558 (1985). In the present case, plaintiffs have no contract right to enforce; they have already received the benefit of FLB's contractual promise to loan them $220,000. Thus, the question is whether FLB had a legal duty to exercise reasonable care in determining plaintiffs' eligibility for a loan. Despite plaintiffs' status as farmers, this case concerns a commercial transaction. We have already determined that no fiduciary duties existed between the parties on the facts alleged by plaintiffs. We now decline to create what is essentially a backdoor defense to the enforcement of plaintiffs' obligations by allowing plaintiffs to later claim that FLB acted negligently in allowing them to enter the contract in the first

place. We therefore hold that, on the facts of this case, FLB had no independent legal duty to exercise reasonable care in determining plaintiffs' eligibility for a loan. Summary disposition was proper.

Finally, plaintiffs claim that the trial court abused its discretion when it denied them leave to file an amended complaint. We disagree. Plaintiffs filed their amended complaint six months after the deadline for the filing of amendments, which was set forth in the conference summary, then orally moved for leave at the hearing on defendants' motion for summary disposition. MCR 2.401(C)(4) instructs that the conference summary controls the later course of an action, unless modified to prevent manifest injustice. On the basis of our examination of plaintiffs' proposed amended complaint, we believe that the trial court did not abuse its discretion when it denied plaintiffs leave to amend their complaint.

Affirmed.