Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
11/05/2021 08:09 AM CDT

VKGS, LLC, doing business as Video King,
a Delaware limited liability company, appellant
and cross-appellee, v. Planet Bingo, LLC,
a California limited liability company,
and Melange Computer Services, Inc.,
a Michigan corporation, appellees
and cross-appellants.

___ N.W.2d ___

Filed August 13, 2021.    No. S-20-125.

1. **Trial: Evidence: Appeal and Error.** Because authentication rulings are necessarily fact specific, a trial court has discretion to determine whether evidence has been properly authenticated. An appellate court reviews the trial court's ruling on authentication for abuse of discretion.
2. **Judgments: Words and Phrases.** A judicial abuse of discretion exists if the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition.
3. **Trial: Appeal and Error.** A trial court's decision to bifurcate claims for purposes of trial is reviewed for abuse of discretion.
4. **Trial: Evidence: Appeal and Error.** A trial court has the discretion to determine the relevancy and admissibility of evidence, and such determinations will not be disturbed on appeal unless they constitute an abuse of that discretion.
5. **Rules of Evidence: Hearsay: Appeal and Error.** Apart from rulings under the residual hearsay exception, an appellate court reviews for clear error the factual findings underpinning a trial court's hearsay ruling and reviews de novo the court's ultimate determination to admit evidence over a hearsay objection or exclude evidence on hearsay grounds.
6. **Evidence: Appeal and Error.** In a civil case, the admission or exclusion of evidence is not reversible error unless it unfairly prejudiced a substantial right of the complaining party.

7. **Jury Instructions: Appeal and Error.** Whether jury instructions are correct is a question of law, which an appellate court resolves independently of the lower court's decision.

8. **Statutes: Appeal and Error.** Statutory interpretation presents a question of law on which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below.

9. **Rules of Evidence.** Authentication or identification of evidence is a condition precedent to its admission and is satisfied by evidence sufficient to prove that the evidence is what the proponent claims.

10. ____. While not a high hurdle, it is still the burden of the proponent of the evidence to provide the court with sufficient evidence that the document or writing is what it purports to be.

11. **Trial.** Bifurcation of a trial may be appropriate where separate proceedings will do justice, avoid prejudice, and further the convenience of the parties and the court.

12. **Courts: Trial.** Trial courts have the inherent power over the general conduct of a trial.

13. **Appeal and Error.** Under Nebraska law, a party cannot complain of error which the party has invited the court commit.

14. **Verdicts: Appeal and Error.** A civil verdict will not be set aside where evidence is in conflict or where reasonable minds may reach different conclusions or inferences, as it is within the jury's province to decide issues of fact.

15. **Jury Instructions: Proof: Appeal and Error.** In an appeal based on a claim of an erroneous jury instruction, the appellant has the burden to show that the questioned instruction was prejudicial or otherwise adversely affected a substantial right of the appellant.

16. ____: ____: ____. To establish reversible error from a court's failure to give a requested jury instruction, an appellant has the burden to show that (1) the tendered instruction is a correct statement of the law, (2) the tendered instruction was warranted by the evidence, and (3) the appellant was prejudiced by the court's failure to give the requested instruction.

17. **Jury Instructions: Appeal and Error.** If the instructions given, which are taken as a whole, correctly state the law, are not misleading, and adequately cover the issues submissible to a jury, there is no prejudicial error concerning the instructions and necessitating a reversal.

18. **Verdicts: Juries: Appeal and Error.** A jury verdict may not be set aside unless clearly wrong, and it is sufficient if there is competent evidence presented to the jury upon which it could find for the successful party.

19. **Verdicts: Juries: Presumptions: Appeal and Error.** When the jury returns a general verdict for one party, an appellate court presumes that the jury found for the successful party on all issues raised by that party and presented to the jury.
20. **Statutes: Appeal and Error.** Statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous.
21. **Final Orders.** Under Neb. Rev. Stat. § 25-1315 (Reissue 2016), an order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final and is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Appeal from the District Court for Douglas County: Duane C. Dougherty, Judge. Affirmed in part, and in part reversed and remanded with directions.

Paul J. Gardner, B. Scott Eidson, J. Nicci Warr, and Julie Scheipeter, of Stinson, L.L.P., for appellant.

Patrick R. Guinan, of Erickson & Sederstrom, P.C., Steven Z. Cohen and Aaron E. Silvenis, of Cohen, Lerner & Rabinovitz, P.C., and Nicholas F. Sullivan, of Dvorak Law Group, L.L.C., for appellees.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, and Freudenberg, JJ.

Funke, J.

VKGS, LLC, and Planet Bingo, LLC, competitors in the bingo hall gaming industry, sued each other for breach of contract. In the trial on VKGS' claims, the jury found Planet Bingo and its wholly owned subsidiary, Melange Computer Services, Inc. (Melange), liable for $558,405. In a separate trial on Planet Bingo and Melange's claims, the jury found VKGS liable for $2,990,000. The court awarded VKGS postjudgment interest from the time of the first verdict, and it then entered judgment in favor of Planet Bingo and Melange, while offsetting VKGS' award.

VKGS appeals, arguing that the court should have dismissed Planet Bingo and Melange's claims rather than bifurcate and continue trial and that the court should not have ruled evidence inadmissible or refused jury instructions. For reasons we explain, VKGS' appeal is without merit.

Planet Bingo and Melange cross-appeal, arguing that the court should not have awarded VKGS postjudgment interest. Planet Bingo and Melange's cross-appeal has merit. Therefore, we affirm in part, and in part reverse and remand with directions to modify the judgment in accordance with this opinion.

## I. BACKGROUND

VKGS is a Delaware limited liability company with its principal place of business in Omaha, Nebraska. Planet Bingo is a foreign limited liability company doing business in Nebraska. Melange was a software development company which ultimately became a wholly owned subsidiary of Planet Bingo. Melange is a Michigan corporation doing business in Nebraska.

The dispute in this case involves bingo software. The case has a complex procedural history. Background facts have previously been set forth by this court and other courts.[1] Summarized, Melange developed a leading bingo hall management and electronic gaming software called EPIC. The parties maintained a contractual business relationship from approximately 2003 through 2012, which as of 2005 was protected by an extensive confidentiality provision drafted by VKGS. The parties explored a potential merger, which ultimately failed. Eventually, after acquiring Melange, Planet Bingo and Melange (hereinafter collectively Planet Bingo) alleged that VKGS was in violation of contract by misusing confidential information taken from EPIC to develop a competing

---

[1] *Planet Bingo, LLC v. VKGS, LLC*, 961 F. Supp. 2d 840 (W.D. Mich. 2013); *Planet Bingo, LLC v. VKGS, LLC*, 319 Mich. App. 308, 900 N.W.2d 680 (2017); *VKGS v. Planet Bingo*, 285 Neb. 599, 828 N.W.2d 168 (2013).

software program called OMNI. VKGS in turn alleged that Planet Bingo breached contractual obligations and tortiously interfered with business relations by using pricing information and disparagement to influence customers. Two separate jury trials ensued.

### 1. First Trial: VKGS' Claims

Trial on the parties' claims began on August 20, 2018. Originally, both parties were to present their claims during the first trial. However, a need to bifurcate the parties' claims arose due to questioning by VKGS during its case in chief on the sixth day of trial. VKGS asked William Wei, the former president of Melange, about the source code for EPIC and "VIPick'em," a bingo game played using EPIC. Wei testified that he believed that the EPIC source code and the VIPick'em source code were confidential. VKGS asked, "[Y]ou would never put any of that source code on the Internet, would you?" To which Wei answered, "No." VKGS then asked if Wei filed a VIPick'em patent in Canada. Wei answered, "That, I don't know."

VKGS attempted to impeach Wei through the use of an exhibit, which was a copy of a file from the Canadian patent office, which VKGS had obtained from the internet that day. The file included a 2001 Canadian patent application for VIPick'em, with 158 pages of alleged source code. In addition, the exhibit included an assignment signed by Wei regarding Melange's rights to the Canadian patent application. Wei admitted that he had signed the assignment, but did not remember having the document filed, could not identify the document, and stated, "I have no knowledge of this."

Planet Bingo objected, arguing that VKGS had failed to lay foundation and had failed to disclose the document as a trial exhibit, in violation of pretrial orders. After several hours of argument outside the presence of the jury, the court determined that the patent application could not be admitted in VKGS' case in chief, because the exhibit lacked foundation,

was not authenticated, and was not relevant to VKGS' claims. The court found that Wei was being truthful in stating that he did not recognize the document, that the exhibit was not a certified copy, and that no witness established the extent to which the exhibit was in fact VIPick'em source code, or whether the copy was in fact an official document publicly available on the internet. VKGS argued the exhibit could be used to impeach Wei, but the court found there was no foundation for purposes of impeachment. The court found that the exhibit was not relevant, that any relevance was substantially outweighed by unfair prejudice, and that the issue was "too much of a surprise" and should have been known months earlier. The court stated that it would allow the evidence during Planet Bingo's case. Planet Bingo requested time to have an expert compare the source code with EPIC before presenting its claims.

In turn, VKGS moved for dismissal of Planet Bingo's claims, arguing that the claims lacked adequate investigation and were not viable going forward. The court denied VKGS' motion. In the alternative, VKGS asked the court to "sever" the claims so as to allow VKGS to proceed separately with submission of its claims to the jury. VKGS argued that "the only appropriate action here is to sever the claims, create two different cases, allow Planet Bingo to then decide what they want to do with their claims, if anything." VKGS stated, "[W]e do believe that if you would prefer to bifurcate . . . that would also be a way that would prevent extreme prejudice against [VKGS] while preserving Planet Bingo's right to go forward with their claims." The court overruled VKGS' motion to "sever," and then proceeded to bifurcate the trial. Trial continued on VKGS' claims only.

At the jury instruction conference, the court refused VKGS' proffered instruction regarding the implied contractual duty of good faith and fair dealing. After closing arguments, on September 7, 2018, the jury found in favor of VKGS and against Planet Bingo for breach of contract in the amount of $558,405. The jury rejected VKGS' other breach of contract

and tortious interference claims. The court entered an order on the verdict on September 13, 2018. The court found under Neb. Rev. Stat. § 25-1315 (Reissue 2016) that the order was not final for purposes of appeal until all claims had been adjudicated on the merits.

## 2. Second Trial: Planet Bingo's Claims

Trial on Planet Bingo's claims commenced on June 12, 2019. Planet Bingo presented evidence to the jury showing that VKGS violated the confidentiality provision of the parties' contract by reverse engineering EPIC to develop OMNI. During OMNI's development process, VKGS personnel admitted in emails that they reverse engineered EPIC in order to understand the software, and they were on record stating, "'When in doubt, copy EPIC.'" The court rejected VKGS' proffered jury instructions regarding Planet Bingo's breach of contract claims. The jury found VKGS liable to Planet Bingo for breach of contract in the amount of $2,990,000, but rejected Planet Bingo's misappropriation of trade secret claim and other claims.

The court awarded VKGS postjudgment interest dating back to the order on the first verdict. The court then entered judgment in favor of Planet Bingo while offsetting the award to VKGS.

VKGS appealed. Planet Bingo filed a cross-appeal.

## II. ASSIGNMENTS OF ERROR

VKGS assigns, restated and summarized, that the district court erred in (1) bifurcating trial rather than dismissing Planet Bingo's claims, (2) refusing to admit evidence, and (3) refusing proposed jury instructions.

Planet Bingo assigns on cross-appeal that the district court erred in awarding VKGS postjudgment interest.

## III. STANDARD OF REVIEW

[1,2] Because authentication rulings are necessarily fact specific, a trial court has discretion to determine whether

evidence has been properly authenticated.[2] An appellate court reviews the trial court's ruling on authentication for abuse of discretion.[3] A judicial abuse of discretion exists if the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition.[4]

[3] A trial court's decision to bifurcate claims for purposes of trial is reviewed for abuse of discretion.[5]

[4-6] A trial court has the discretion to determine the relevancy and admissibility of evidence, and such determinations will not be disturbed on appeal unless they constitute an abuse of that discretion.[6] Apart from rulings under the residual hearsay exception, an appellate court reviews for clear error the factual findings underpinning a trial court's hearsay ruling and reviews de novo the court's ultimate determination to admit evidence over a hearsay objection or exclude evidence on hearsay grounds.[7] In a civil case, the admission or exclusion of evidence is not reversible error unless it unfairly prejudiced a substantial right of the complaining party.[8]

[7] Whether jury instructions are correct is a question of law, which an appellate court resolves independently of the lower court's decision.[9]

---

[2] *O'Brien v. Cessna Aircraft Co.*, 298 Neb. 109, 903 N.W.2d 432 (2017); *State v. Oldson*, 293 Neb. 718, 884 N.W.2d 10 (2016); *State v. Nolan*, 283 Neb. 50, 807 N.W.2d 520 (2012).

[3] *Id*.

[4] *Vyhlidal v. Vyhlidal, ante* p. 376, 960 N.W.2d 309 (2021).

[5] See, *Connelly v. City of Omaha*, 278 Neb. 311, 769 N.W.2d 394 (2009); *Eicher v. Mid America Fin. Invest. Corp.*, 270 Neb. 370, 702 N.W.2d 792 (2005).

[6] *Acklie v. Greater Omaha Packing Co.*, 306 Neb. 108, 944 N.W.2d 297 (2020).

[7] *Cessna Aircraft Co., supra* note 2.

[8] *ACI Worldwide Corp. v. Baldwin Hackett & Meeks*, 296 Neb. 818, 896 N.W.2d 156 (2017).

[9] *Acklie, supra* note 6.

[8] Statutory interpretation presents a question of law on which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below.[10]

## IV. ANALYSIS

### 1. VKGS' Appeal

VKGS argues that its appeal is about what information is confidential, what information is public, and who should have access to what information. VKGS argues that these issues determine the merits of Planet Bingo's breach of contract claim. Moreover, VKGS argues that Planet Bingo benefited from a "monumental procedural error"[11] which prejudiced VKGS in the presentation of its own claims and the defense of the claims against it. Both VKGS' substantive argument and procedural argument focus on the court's rulings regarding the undisclosed 2001 Canadian patent application. In our analysis, we explain that the court correctly excluded the patent application from VKGS' case and that it correctly refused to dismiss Planet Bingo's claims. We find no merit to VKGS' arguments, nor merit to VKGS' remaining arguments that the court erred in refusing other evidence and proposed jury instructions.

### (a) Exclusion of Evidence in VKGS' Case

[9] VKGS argues that the 2001 Canadian patent application should have been admitted in its case in chief. However, it is undisputed that VKGS failed to lay foundation for the exhibit or properly authenticate the exhibit. Authentication or identification of evidence is a condition precedent to its admission and is satisfied by evidence sufficient to prove that the evidence is what the proponent claims.[12] Neb. Rev. Stat.

---

[10] *Wayne L. Ryan Revocable Trust v. Ryan*, 308 Neb. 851, 957 N.W.2d 481 (2021).

[11] Brief for appellant at 19.

[12] *Cessna Aircraft Co., supra* note 2; *Oldson, supra* note 2.

§ 27-901(1) (Reissue 2016) does not impose a high hurdle for authentication or identification of proffered evidence as a condition precedent to admissibility.[13] The requirement of authentication or identification as a condition precedent to admissibility may be satisfied by testimony that a matter is what it is claimed to be, and proper authentication may also be attained by evidence of appearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances, sufficient to support a finding that the matter in question is what it is claimed to be.[14]

Neb. Rev. Stat. § 27-902(4) (Reissue 2016) provides that properly certified public records are self-authenticating.[15] Under Neb. Rev. Stat. § 27-1005 (Reissue 2016), the contents of a copy of an official record may be admitted, if the copy of the official record is certified or if a person is called and testifies after comparing the copy with the original that it is correct and accurate.[16]

[10] At the first trial, VKGS failed to produce a certified copy of the Canadian patent application and failed to lay the necessary foundation through a witness. VKGS failed to establish that the document was a publicly available official document that contained source code for VIPick'em. While not a high hurdle, it is still the burden of the proponent of the evidence to provide the court with sufficient evidence that the document or writing is what it purports to be.[17] On this record, we find no abuse of discretion in excluding the exhibit for lack of authentication.

### (b) Bifurcation/Motion for Judgment

VKGS argues that the court erred in bifurcating the parties' claims, rather than simply dismissing Planet Bingo's

---

[13] *State v. Newman*, 300 Neb. 770, 916 N.W.2d 393 (2018).

[14] *State v. Jacobson*, 273 Neb. 289, 728 N.W.2d 613 (2007).

[15] *State v. Benzel*, 220 Neb. 466, 370 N.W.2d 501 (1985).

[16] *State v. Rice*, 214 Neb. 518, 335 N.W.2d 269 (1983).

[17] *Id*.

claims. VKGS argues that Planet Bingo had the Canadian patent application in its possession and, with due diligence, could have been timely prepared to address the evidence at trial. VKGS further argues that bifurcation unfairly gave Planet Bingo what was in effect an 8-month continuance to investigate and prepare its claims.

[11,12] Bifurcation is a term used to describe the practice of trying one or more of the issues in a case before trying the remaining issues.[18] Bifurcation of a trial may be appropriate where separate proceedings will do justice, avoid prejudice, and further the convenience of the parties and the court.[19] Where a party is confronted with a multiclaim suit that is unmanageable, that party can raise those concerns through a motion to bifurcate the claims.[20] Additionally, trial courts have the inherent power over the general conduct of a trial.[21]

[13] In assessing VKGS' arguments, we are given direction from the findings of the district court, which explained the defects in VKGS' presentation. During the second week of trial, VKGS sought to introduce the previously undisclosed Canadian patent application exhibit in its case in chief, yet the exhibit was relevant only to VKGS' defense against Planet Bingo's claims. The exhibit was not certified, and VKGS failed to have a witness properly authenticate or identify the exhibit. When the court did not admit the exhibit and denied VKGS' motion to dismiss Planet Bingo's claims, VKGS did not object to bifurcation of the parties' claims. In fact, VKGS offered bifurcation as a resolution to the patent application dispute. Under Nebraska law, a party cannot complain of error which the party has invited the court to commit.[22] As such, VKGS

---

[18] John P. Lenich, Nebraska Civil Procedure § 7:8 (2021).

[19] *Webb v. Nebraska Dept. of Health & Human Servs.*, 301 Neb. 810, 920 N.W.2d 268 (2018).

[20] *Id.*

[21] *Yopp v. Batt*, 237 Neb. 779, 467 N.W.2d 868 (1991).

[22] *Mahlendorf v. Mahlendorf*, 308 Neb. 202, 952 N.W.2d 923 (2021).

cannot now claim on appeal the trial court erred in bifurcating the trial. In actuality, VKGS' argument on appeal goes to the court's refusal to dismiss Planet Bingo's claims rather than bifurcation.

After Planet Bingo indicated that it could not go forward on its claims until it had an expert review the Canadian patent application, VKGS argued that judgment should be granted in its favor. VKGS argued that because Planet Bingo made its software publicly available through the patent filing, as well as through a copyright filing, EPIC seminars, and posting screenshots of EPIC on its website, the information was no longer confidential. VKGS stated that Planet Bingo was "claiming confidential information over a product that they placed the most confidential part of on the internet." VKGS argued that the public availability of the software showed that Planet Bingo's claims had no merit and that the lawsuit was filed with a wrongful intent to interfere with VKGS' business. VKGS reiterated these arguments in its written motion for judgment or, in the alternative, to "sever" Planet Bingo's counterclaim filed with the court. VKGS claimed that "the revelation that the source code for VIPick'em[] and very likely EPIC were publicly available for anyone to see calls its entire theory of its claims into question." Our record does not include a written court order on VKGS' motion. However, the court had already rejected VKGS' argument in an earlier order denying VKGS' motion for summary judgment.

In its earlier motion for summary judgment, VKGS asked the court to adopt the approach taken by the U.S. Court of Appeals for the Seventh Circuit, which enforces confidentiality agreements only when the information sought to be protected is actually confidential and reasonable efforts were made to keep it confidential.[23] Neb. Rev. Stat. § 87-502(4) (Reissue 2014)

---

[23] *nClosures Inc. v. Block and Co., Inc.*, 770 F.3d 598 (7th Cir. 2014) (applying Illinois law).

of Nebraska's Trade Secrets Act[24] provides a similar definition for "[t]rade secret."[25] Planet Bingo argued that it implemented safeguards to protect its confidential and proprietary information through licensing agreements or confidentiality agreements which restricted access and disclosure. Planet Bingo also argued that EPIC was never made publicly available and could not be purchased. The court, in ruling on the prior motion for summary judgment, found that, assuming that the Seventh Circuit's standard applies, "there remains a question of fact as to whether the information sought to be protected is confidential and whether Planet Bingo took reasonable efforts to keep it confidential."

We agree with the district court's determination that Planet Bingo's breach of contract claim raised issues of fact for the jury's consideration, even under the legal standard proposed by VKGS. VKGS' legal argument is overstated because it presumes without evidence that the entirety of EPIC's source code is not confidential and that no reasonable steps were taken to protect EPIC's confidentiality. The patent application, for example, merely established the public availability of 158 pages of source code for one bingo game, in a 2001 application that was rejected and abandoned. VKGS did not show that the EPIC software is not confidential as a matter of law.

Later, during the trial of Planet Bingo's claims, Planet Bingo's software expert testified that the source code from the Canadian patent application contained approximately 3 percent of EPIC. Additionally, the application contained an outdated version of VIPick'em and did not contain the entirety of the source code for the game. Typically, the question of whether reasonable measures were taken to keep information

---

[24] Neb. Rev. Stat. §§ 87-501 et seq. (Reissue 2014).

[25] *First Express Servs. Group v. Easter*, 286 Neb. 912, 840 N.W.2d 465 (2013). See, also, *Compuware Corp. v. Serena Software Intern., Inc.*, 77 F. Supp. 2d 816 (E.D. Mich. 1999).

confidential is an issue for a jury.[26] "'[O]nly in an extreme case can what is a "reasonable" precaution be determined [as a matter of law], because the answer depends on a balancing of costs and benefits that will vary from case to case.'"[27] Because there were issues of fact as to whether EPIC's source code was confidential and whether VKGS violated the parties' confidentiality provision, the district court properly refused VKGS' request for judgment on Planet Bingo's claims and submitted the claims to the jury.

### (c) Exclusion of Evidence
### in Planet Bingo's Case

VKGS argues that the court erred by excluding a portion of an exhibit showing Melange's financial information during its defense of Planet Bingo's claims, which the court had admitted in full during the trial of VKGS' claims. VKGS argues that it was prejudiced by the partial exclusion of the exhibit, because VKGS sought to establish that Planet Bingo had installed its software at hundreds of charity halls without their being subject to a confidentiality provision. VKGS argues the excluded evidence goes to its defense that Planet Bingo's software was not confidential.

[14] Planet Bingo argues that the court did admit the part of the evidence that was relevant to VKGS' defense, over Planet Bingo's objection, and excluded the remaining portions of the exhibit, which were not relevant to VKGS' defense. Based upon our review of the record, we conclude that VKGS failed to show any error or prejudice based upon the court's evidentiary rulings. VKGS presented extensive evidence to support its defense theory that Planet Bingo's software was

---

[26] See, *Tax Track Systems Corp. v. New Investor World*, 478 F.3d 783 (7th Cir. 2007); *Am. Center for Excellence v. Community College*, 190 F. Supp. 3d 812 (N.D. Ill. 2016).

[27] *Learning Curve Toys, Inc. v. PlayWood Toys, Inc.*, 342 F.3d 714, 725 (7th Cir. 2003).

not confidential. Even if the remaining portions of the exhibit were admitted, the jury was inevitably faced with the factual question of whether any such public disclosure of software would allow for copying or reverse engineering. Based on the arguments presented by the parties, the district court correctly found that reasonable minds may differ on the confidentiality issues presented by the evidence in this case. A civil verdict will not be set aside where evidence is in conflict or where reasonable minds may reach different conclusions or inferences, as it is within the jury's province to decide issues of fact.[28] This assignment of error is without merit.

### (d) Jury Instructions

[15-17] VKGS' final two arguments concern jury instructions. In an appeal based on a claim of an erroneous jury instruction, the appellant has the burden to show that the questioned instruction was prejudicial or otherwise adversely affected a substantial right of the appellant.[29] To establish reversible error from a court's failure to give a requested jury instruction, an appellant has the burden to show that (1) the tendered instruction is a correct statement of the law, (2) the tendered instruction was warranted by the evidence, and (3) the appellant was prejudiced by the court's failure to give the requested instruction.[30] If the instructions given, which are taken as a whole, correctly state the law, are not misleading, and adequately cover the issues submissible to a jury, there is no prejudicial error concerning the instructions and necessitating a reversal.[31]

VKGS argues that the court erred in giving a breach of contract jury instruction which allowed the jury to consider together, as one breach of contract claim, the parties' 2003

---

[28] *InterCall, Inc. v. Egenera, Inc.*, 284 Neb. 801, 824 N.W.2d 12 (2012).

[29] *Id.*

[30] *Id.*

[31] *Id.*

marketing agreement, the 2004 licensing agreement, a 2005 agreement which solidified the parties' relationship and superseded the previous agreements, and a 2007 addendum. VKGS argues that the jury should not have been permitted to consider the 2003 and 2004 agreements, because the confidentiality provision authored by VKGS was not put in place until 2005. Therefore, according to VKGS, the 2003 and 2004 agreements would have been superseded at the time of any alleged breach. VKGS argues that because the 2003 and 2004 agreements were superseded, they were "legally defunct at the time of the alleged breach"[32] and should not have been considered by the jury. We find no merit to this argument.

The trial evidence showed the parties' contractual relationship over time. The parties were not bound by the confidentiality agreement until 2005. As such, in isolation the 2003 and 2004 agreements were of limited relevance to Planet Bingo's claim that VKGS misused contractual information. However, VKGS has failed to show how including the contracts in one instruction created any prejudice. VKGS cannot now argue on appeal that the 2003 and 2004 agreements are legally defunct, because VKGS asserted its rights under those agreements since it filed its complaint in this case and attached the 2004 agreement, as well as the 2005 agreement, which incorporated the entire 2003 agreement. Thus, the facts show that the parties' contracts were interrelated and cannot be easily separated into different instructions as VKGS proposes. Further, VKGS failed to show any prejudice as to how the jury was instructed. Under our rule that we review the jury instructions as a whole when analyzing prejudice, there is effectively no difference between submitting the agreements to the jury separately and doing so in one instruction. Because we find that the court's instructions correctly stated the law, were not misleading, and adequately covered the issues, we conclude there was no prejudicial error.

---

[32] Brief for appellant at 35.

[18] VKGS also argues that because the jury rejected Planet Bingo's trade secret claim, the jury necessarily accepted Planet Bingo's breach of contract theory regarding the confidentiality provision. VKGS argues that this is a legally improper result and that the jury was required to specifically identify what information was confidential and which contract was breached. Because, as discussed, we do not view VKGS' position that all of EPIC was not confidential to be supported by the record, we consider VKGS' argument to be a sufficiency of the evidence argument. A jury verdict may not be set aside unless clearly wrong, and it is sufficient if there is competent evidence presented to the jury upon which it could find for the successful party.[33] We conclude there was competent evidence presented to the jury upon which it could find for Planet Bingo.

[19] Moreover, VKGS' argument improperly speculates as to the jury's deliberation. On the verdict form for breach of contract regarding the 2003, 2004, and 2005 agreements and 2007 addendum, the jury found that "Planet Bingo [has] met [its] burden of proof with respect to its breach of contract claim against VKGS . . . and the total amount of damages Planet Bingo . . . has incurred as a result of [VKGS'] breach of contract is $2,990,000." When the jury returns a general verdict for one party, an appellate court presumes that the jury found for the successful party on all issues raised by that party and presented to the jury.[34] Under an appropriate analysis of a jury verdict by an appellate court, we conclude that the jury found in favor of Planet Bingo on a valid breach of contract claim, rather than on an invalid claim as VKGS argues.

Lastly, VKGS argues that the court should not have refused its instruction for breach of implied covenant of good faith and fair dealing. It is undisputed that under a choice of law

---

[33] *Wulf v. Kunnath*, 285 Neb. 472, 827 N.W.2d 248 (2013).

[34] *Golnick v. Callender*, 290 Neb. 395, 860 N.W.2d 395 (2015); *Heckman v. Burlington Northern Santa Fe Ry. Co.*, 286 Neb. 453, 837 N.W.2d 532 (2013).

provision, the parties' agreements are governed by Michigan law. Michigan does not recognize a separate cause of action for breach of the implied duty of good faith and fair dealing.[35] As such, the trial court could not have instructed the jury as VKGS requested. Therefore, the court did not err in refusing VKGS' instruction. VKGS' appeal is without merit.

### 2. Planet Bingo's Cross-Appeal

Planet Bingo argues that the trial court erred by awarding VKGS postjudgment interest from the date the court accepted the first jury's verdict, because no judgment was entered after the first trial and interest had not yet begun to accrue.

[20] Statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous.[36] Under Neb. Rev. Stat. § 45-103 (Reissue 2010), postjudgment interest accrues on all "decrees and judgments." Under Neb. Rev. Stat. § 45-103.01 (Reissue 2010), interest accrues on decrees and judgments "from the date of entry of judgment until satisfaction of judgment."

Section 25-1315 states in part:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision,

---

[35] *Gorman v. American Honda Motor Co.*, 302 Mich. App. 113, 839 N.W.2d 223 (2013); *Belle Isle Grill Corp. v. Detroit*, 256 Mich. App. 463, 666 N.W.2d 271 (2003); *Ulrich v. Federal Land Bank of St. Paul*, 192 Mich. App. 194, 480 N.W.2d 910 (1991).

[36] *Wayne L. Ryan Revocable Trust, supra* note 10.

however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Under Neb. Rev. Stat. § 25-1316 (Reissue 2016), "If a counterclaim or setoff established at trial exceeds the plaintiff's claim so established, judgment for the defendant must be given for the excess; or, if it appears that the defendant is entitled to any affirmative relief, judgment should be given therefor." The practice in this state is that an action including a counterclaim shall be tried as an entirety, and not as separate suits.[37]

[21] In the present matter, although the parties' claims were joined pretrial, during the course of trial, offsetting claims and counterclaims were bifurcated and tried separately. Though VKGS' claims and Planet Bingo's claims were tried separately, they were not tried as separate suits; nor did the trial court certify the jury verdict from the first trial as a final judgment. Absent such certification, orders adjudicating fewer than all claims or the rights of fewer than all the parties are not final and are subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.[38] Final judgment in this case occurred after all of the parties' claims were adjudicated and both jury verdicts were accepted by the district court. As postjudgment interest accrues only on judgments, and § 25-1316 contemplates only one "judgment," the district court erred in awarding VKGS postjudgment interest when interest had not begun to accrue on VKGS' claim and Planet Bingo's claim exceeded VKGS' claim. The award of postjudgment interest to VKGS is

---

[37] *Miller v. McGannon*, 79 Neb. 609, 113 N.W. 170 (1907).

[38] *Boyd v. Cook*, 298 Neb. 819, 906 N.W.2d 31 (2018).

hereby reversed and the cause is remanded to the district court with directions to modify the judgment in conformity with this opinion.

## V. CONCLUSION

The district court did not err in bifurcating trial of the parties' claims, nor did the court err in declining to dismiss Planet Bingo's claims or in refusing VKGS' evidence and jury instructions. The district court erred in awarding VKGS post-judgment interest.

Affirmed in part, and in part reversed
and remanded with directions.

Papik, J., not participating.